MORROW, RUSSELL O., Associate Judge.
This is an appeal from a final judgment entered by the lower court after trial without a jury.
The salient facts are that the appellant-contractor was sued by its subcontractor-appellee on an account stated for money due under a written contract and due under an oral agreement. There is no controversy over the amount of the final unpaid balance of $6,274.13 under the written contract. However, both parties claimed damages for costs in connection with repairing water leaks which developed in the building constructed. The evidence is conflicting as to what portion of work and material was defective and for which each of the parties hereto would be liable; also, to what extent the subcontractor assisted the contractor in correcting the later’s work at the latter’s request.
The subcontractor claimed $2,864.00 in addition to said $6,274.13. The contractor counterclaimed for a sum in excess of $1,000. The court dismissed the counterclaim and awarded the subcontractor $8,325.13, which was $2,051 more than said final unpaid balance and $813 less than the amount claimed by the subcontractor.
The questions raised on appeal are: (1) was arbitration a condition precedent to court action? (2) could the subcontractor recover more than the written contract price without a written change order? and (3) is the final judgment supported by the evidence?
As to the first question, the contract provided that no alterations thereto shall be made except on written order of the contractor and if the parties are unable to agree on the cost or deduction of an alteration, “the value of the work shall be referred to the Architect whose decision shall be binding upon both parties hereto.” The record does not disclose that there was an alteration to the contract. It does show a problem of water leaking into the building but does not show that this problem was referred to the architect for a decision, or could have been, since it was not an alteration. Actually the contract does not provide for arbitration as contemplated by the statute and even if the parties had applied for arbitration under Sections 682.02 and 682.03, F.S.1969, F.S.A., it would have been error to grant the same. The parties did not agree in writing to submit any controversy between them to arbitration and for this reason, too, the statute does not apply.
As to the second question, the contract provides that any changes, additions, and/or omissions in the work called for by the plans and specifications shall only be made upon written order of the contractor to the subcontractor. Again the difficulty here was not a change in the plans and specifications; it was the failure to get the work done according to the plans and specifications included in the contract between the parties. No written change order was called for.
As to question number three, where the evidence supports the judgment of the trial court, it will not be disturbed. The *609 court as trier of the facts as well as the law is best equipped to sort out the conflicts in the evidence and the probative value thereof and the application thereof to the law. We find sufficient evidence to support the judgment appealed.
Affirmed.
REED, C. J, and OWEN, J., concur.