313 So.2d 99 (1975)
CITY OF MIAMI, Florida, a Political Subdivision of the State of Florida, Appellant,
v.
NAT HARRISON ASSOCIATES, INC., a Florida Corporation, Appellee.
No. 74-1164.
District Court of Appeal of Florida, Third District.
May 13, 1975.
Rehearing Denied June 10, 1975.
John S. Lloyd, City Atty., and George F. Knox, Jr., Asst. City Atty., for appellant.
Kuvin, Klingensmith & Coon and R. Fred Lewis, Coconut Grove, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant, City of Miami, seeks review of an adverse final judgment entered pursuant to a jury verdict in this breach of contract action.
In 1967, Nat Harrison Associates, Inc., appellee herein, was awarded by the City *100 of Miami, appellant herein, the contract to construct the "Miamarina". The contract set out in detail the obligations of the City thereunder with respect to the plans and specifications to be provided, and further required the city engineer to furnish and set construction stakes and furnish the contractor (appellee) with all necessary information relating to lines and grades. Likewise, the contract set forth the obligations of appellee, the general contractor, with regard to the actual construction of the project. Also in the contract was a provision that before any additional work or "extras" were begun, a written order from the city engineer was necessary and if the cost thereof was in excess of $1,000, then same had to be authorized specifically by the city commission. Last, the contract contained a provision that the architect was to act as a representative of the City and supervise the construction process. Construction on the project commenced and subsequently delays and extra work and expenses were incurred by the contractor as a result of (1) the alleged failures of the City to furnish the proper information with respect to the "muck" conditions in the plans and specifications and to provide accurate construction stakes and survey points as required in the contract documents, and (2) the alleged unauthorized movement of construction stakes established by appellee contractor during placement of the sheet pile on the east bulkhead of the project. Upon being billed by appellee for the extra work in an amount beyond the agreed contract price, defendant City, acting through its commission, refused to pay the claim. Appellee, Nat Harrison Associates, Inc., thereupon filed a complaint against the City for breach of contract and included therein seven different counts, each reciting a separate but connected portion of the construction project. Appellee prayed for a total of $850,000 in damages. The cause proceeded to be tried by a jury which returned a verdict in appellee's favor of $150,000. The trial judge entered judgment thereon and the City appeals therefrom.
The City mainly contends on appeal that the evidence is not sufficient to sustain the verdict in that before any modifications, alterations or extra work was performed, appellee needed the specific permission from the city commission which was never granted and, therefore, appellee waived its rights to any claims.
The jury having returned a verdict in favor of appellee, implicit therein was the determination that defendant City had breached the contract in failing to furnish the required engineering and survey data called for in the contract. As a result of the above, repairs, replacements and extra work which were performed by the appellant primarily were made out of necessity in order to conform to the contract plans and specifications. Thus, we conclude that such extra work was not an alteration of the plans or additions thereto as contemplated by the construction contract. See Blair v. United States, 164 F.2d 115 (5th Cir.1947) and Wiggs & Maale Construction Co., Inc. v. Stone Flex, Inc., Fla.App. 1972, 263 So.2d 607.
We also considered appellant's remaining points on appeal and find that they are lacking in merit.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.