404 So.2d 829 (1981)
Geraldine E. WINTER, Appellant,
v.
ARVIDA CORPORATION, Sabal Chase Condominium II Association, Inc. and Sabal Chase Homeowners Association, Inc., Appellees.
No. 80-2056.
District Court of Appeal of Florida, Third District.
October 13, 1981.
Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern and Gary Gerrard, Miami, for appellant.
Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff and Albert G. Caruana and David M. Wells, Miami, Becker, Poliakott & Streitfeld and Robert J. Manne, Fort Lauderdale, for appellees.
Before SCHWARTZ, NESBITT and BASKIN, JJ.
NESBITT, Judge.
The appellant, plaintiff below, appeals from an order granting defendant Arvida's motion to compel arbitration and dismissing the plaintiff's complaint without prejudice.
The plaintiff filed a complaint on November 21, 1979 alleging that a condominium which she purchased from Arvida was defective due to inadequate drainage capacity of the common ways. This allegedly caused her particular unit to be inundated with water. She claimed that Arvida knew or should have known of this prior to the sale of the condominium.[1] A motion to dismiss the complaint for failure to state a cause of action was filed on behalf of Arvida on December 19, 1979, and said motion was denied on March 20, 1980. Before filing its answer, the defendant deposed the plaintiff and made an inquiry regarding the existence of a homeowner's warranty contract *830 for the unit. On April 21, 1980, Arvida filed its answer including affirmative defenses and discovery continued. On August 5, 1980, Arvida filed a motion to dismiss alleging that the arbitration clause of the homeowner's warranty precluded the instant suit. One week after the filing of this motion, Arvida served interrogatories upon the plaintiff. Subsequently, the lower court granted Arvida's motion to dismiss without prejudice to plaintiff's refiling of her complaint after she had pursued the remedies of conciliation and arbitration. Plaintiff appeals.
Due to the portion of the order which dismisses the complaint, we have jurisdiction to review the lower court's order. Gries Investment Co. v. Chelton, 388 So.2d 1281 (Fla.3d DCA 1980). We find that there was a waiver of the right to arbitrate and therefore we reverse.
It is Arvida's contention that it did not knowingly give up its right to arbitrate. However, before an answer was filed, the defendant recognized the possibility that there was an agreement, as evidenced by the questions to the plaintiff at the deposition. Further, four months passed between the time the complaint was filed and the answer was received. There was certainly enough time for the defendant to act upon its suspicions that the agreement existed. The affidavits attached to the motion to dismiss show that the defendant's knowledge came directly from its own salesperson and controller. Consequently, we find that Arvida knew or should have known of the existence of the homeowner's warranty and of the arbitration clause.
In King v. Thompson & McKinnon, Auchincloss Kohlmeyer, Inc., 352 So.2d 1235 (Fla.4th DCA 1977), the court held that the filing of an answer to the complaint without demand for arbitration constituted a waiver of the right to arbitrate and was consent to submission of the controversy to the court. In Ojus Industries, Inc. v. Mann, 221 So.2d 780, 782 (Fla.3d DCA 1969), the court stated that "waiver in this connection does not depend on timing to compel arbitration (where not unreasonably delayed), but rather on the prior taking of an inconsistent position by the party moving therefor." Action taken by the movant subsequent to the motion to compel arbitration was sufficient to constitute a waiver in Klosters Rederi A/S v. Arison Shipping Company, 280 So.2d 678 (Fla. 1973), cert. denied, 414 U.S. 1131, 94 S.Ct. 869, 38 L.Ed.2d 755 (1974).
The defendant, having knowledge of the arbitration clause, filed an answer and proceeded with discovery before moving to dismiss for failure to arbitrate. After the motion was filed, the defendant continued to proceed with the lawsuit. Because these actions were inconsistent with the right to arbitrate, we find that there was a waiver by the defendant.[2]
For these reasons, the order compelling arbitration and dismissing the complaint is reversed and the cause remanded for further proceedings.
NOTES
[1] Plaintiff also sued Sabal Chase Condominium II Association, Inc. and Sabal Chase Homeowners Association for negligence. Cross-claims were filed by Arvida and Sabal Chase. These claims are not at issue on this appeal.
[2] This decision makes it unnecessary to reach the question of whether, in the absence of a waiver, there was a right to arbitration before a lawsuit was filed.