443 So.2d 170 (1983)
U.S. FIRE INSURANCE COMPANY, Petitioner,
v.
William Glenn FRANKO and Bobbie Jean Franko, Respondents.
No. AV-245.
District Court of Appeal of Florida, First District.
December 12, 1983.
Rehearing Denied January 9, 1984.
*171 Larry Hill, of Sherrill, Moore, Hill & Westmoreland, Pensacola, for petitioner.
Samuel W. Bearman, of Cetti, McGraw, Bearman & Eddins, Pensacola, for respondents.
SHIVERS, Judge.
U.S. Fire Insurance Company (U.S. Fire) petitions for writ of certiorari to review a non-final order of the trial court which denies petitioner's motion to dismiss the Frankos' complaint. The trial court found that petitioner had waived its right to demand arbitration and denied the motion to dismiss. We agree with petitioner that the trial court departed from essential requirements of law in denying the motion to dismiss.
On or about October 24, 1982, the Frankos' dwelling was damaged by fire. Although U.S. Fire was promptly notified of the loss, a proof of loss form was not sent to the Frankos by petitioner until March of 1983. On April 22, 1983, the Frankos sent U.S. Fire an appraisal indicating the cost of repair to the dwelling to be $35,444.96. On June 14, 1983, U.S. Fire sent to the Frankos' counsel an appraisal indicating the cost of repair to the damaged dwelling to be $19,116.26. U.S. Fire offered to settle for the amount of its appraisal. On July 5, 1983, U.S. Fire received a letter from the Frankos' attorney advising that suit had been filed, rejecting petitioner's offer of settlement, and informing U.S. Fire of the amount due the mortgagees under the terms of the mortgage lien on the property in question. Suit had been filed by respondents on June 22, 1983, but petitioner was not served until after it received the letter on July 5, 1983. On July 7, 1983, Mark Green, Claims Manager of petitioner, called respondents' counsel advising that U.S. Fire would not waive its right to have the dispute settled by appraisal (arbitration).
Petitioner filed its motion to dismiss respondents' complaint on July 20, 1983. The motion alleges that arbitration is required by the contract between the parties as a condition precedent to a suit against U.S. Fire. The trial court denied the motion on the ground that U.S. Fire had waived its right to demand arbitration because U.S. Fire was dilatory in failing to provide the Frankos with a proof of loss form in due time following the loss. The trial court also found that the disparity between the appraisal submitted by U.S. Fire and the one submitted by the Frankos was tantamount to a rejection of the Frankos' appraisal. Further, the trial court found that it was not clear whether a formal demand for arbitration had ever been made. This petition for review followed.
The arbitration agreement in the insurance contract between the parties reads as follows:
8. Appraisal. If you and we fail to agree on the amount of loss, either can demand that the amount of the loss shall be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state of the Described Location to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable period of time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal *172 and the compensation of the umpire shall be paid equally by you and us.
Generally, arbitration agreements are favored in the law. Arrieta v. Volkswagen Insurance Company, 343 So.2d 918 (Fla. 3d DCA 1977); see Chapter 682, Florida Statutes (1981) (Florida Arbitration Code). Implied waiver of the right to arbitration occurs only when a party engages in conduct which is inconsistent with that right. Post Tensioned Engineering Corp. v. Fairways Plaza Associates, 412 So.2d 871 (Fla. 3d DCA), rev. denied, 419 So.2d 1197 (Fla. 1982). In the instant case, petitioner took no action which is inconsistent with its right to arbitration. Under the insurance contract sub judice, the right to arbitration only arises when the parties fail to agree as to the amount of loss. Although it appears that U.S. Fire may have been acting in bad faith and attempting to drag out the claim by delaying many months before sending a proof of loss form to respondents, neither party could have known during that period of time that the claim would eventually be disputed as to the amount of loss. Petitioner's dilatoriness, therefore, is unrelated to petitioner's right to arbitration and cannot constitute a waiver of that right.
Further, petitioner's failure to immediately demand arbitration upon discovery that there was a large disparity between petitioner's appraisal and respondents' appraisal does not constitute waiver of the right to arbitration. At that time, petitioner made a settlement offer to respondents for the amount of the low appraisal. Arms length negotiations between parties often begin with widely disparate dollar amounts being promoted by each side. Petitioner's settlement offer was, perhaps, merely a first step in attempting to resolve the dispute amicably and without any formal proceedings. This type of conduct is not inconsistent with the right to arbitration. Miller Construction Company, Inc. v. First Baptist Church of Live Oak, Inc., 396 So.2d 281 (Fla. 1st DCA 1981).
As can be seen from the language of the contract between the parties, a written demand is required to trigger the arbitration clause. Once the clause is appropriately invoked, arbitration becomes a condition precedent to the right of the insured to maintain an action on the policy. New Amsterdam Casualty Co. v. J.H. Blackshear, Inc., 116 Fla. 289, 156 So. 695 (1934); Transamerica Insurance Co. v. Weed, 420 So.2d 370 (Fla. 1st DCA 1982). Although in the instant case the trial court found that it was not clear whether an affirmative and formal demand for arbitration was ever made by petitioner, we hold that petitioner's motion to dismiss constituted such a demand. In Balboa Insurance Co. v. W.G. Mills, Inc., 403 So.2d 1149 (Fla. 2d DCA 1981), the court held that where the allegations of a motion to dismiss are based on a contractual right to arbitration, the motion to dismiss is, in substance, also a motion to compel arbitration. The Balboa court noted that a pleading is to be governed by its substance rather than its label. As in Balboa, the allegations of petitioner's motion to dismiss sub judice are based on the contractual right to arbitration. Therefore, the motion to dismiss is, in substance, a motion to compel arbitration and a demand for arbitration. See also Butcher & Singer, Inc. v. Frisch, 433 So.2d 1360 (Fla. 4th DCA 1983); Rinker Portland Cement Corp. v. Seidel, 414 So.2d 629 (Fla. 3d DCA 1982).
Respondents' contentions that the dispute is not over the amount of loss and that a nonarbitrable claim asserted subsequent to the order sub judice should preclude arbitration are without merit.
Permitting parties to litigate a dispute in court instead of proceeding to arbitration, if there is a right of arbitration, constitutes a departure from the essential requirements of law which cannot be adequately remedied by appeal. Lapidus v. Arlen Beach Condominium Association, Inc., 394 So.2d 1102 (Fla. 3d DCA 1981). Certiorari is the appropriate remedy to review a nonfinal order denying the right to arbitration where such right exists. Lipton *173 Professional Soccer, Inc., 416 So.2d 1236 (Fla. 1st DCA 1982); Paine, Webber, Jackson & Curtis v. Lucas, 411 So.2d 1369 (Fla. 5th DCA 1982). Accordingly, the writ of certiorari is granted, and the order of the trial court denying petitioner's motion to dismiss is quashed.
BOOTH and LARRY G. SMITH, JJ., concur.