476 So.2d 780 (1985)
BEEMIK BUILDERS & CONSTRUCTORS, INC., a Florida Corporation, Petitioner,
v.
HUBER PLUMBING, INC., a Florida Corporation, Respondent.
No. 85-1707.
District Court of Appeal of Florida, Fourth District.
October 16, 1985.
*781 Earl S. Poitevent, III, Jacksonville, for petitioner.
Jack Gale, Fort Pierce, for respondent.
GLICKSTEIN, Judge.
This is a petition for review by certiorari of an order denying petitioner's motion to stay and to compel arbitration. We grant the petition and quash the order so that arbitration may proceed.
Petitioner, Beemik Builders & Constructors, Inc., was the general contractor and respondent, Huber Plumbing, Inc., was the plumbing subcontractor on a building project for Coggin-O'Steen, an auto dealer. Article 10 of the contract for the plumbing work called for arbitration of claims, disputes or other questions arising out of or relating to the subcontract.
Respondent, Huber, filed a three-count complaint against petitioner, Beemik Builders, alleging the subcontract agreement. Huber claimed (1) Beemik refused to pay Huber, and illegally transferred Huber's claim of lien to a bond, (2) Beemik stole services from Huber, and (3) Beemik willfully and fraudulently sought and obtained additional services from Huber, beyond those provided for in the agreement, knowing full well Huber would not be compensated for them. Defendant/petitioner filed a motion to stay and compel arbitration. The trial court denied the motion.
We agree with petitioner's arguments, the first of which is that pursuant to section 682.03(1), Florida Statutes (1983), a court must grant an application for an order to proceed to arbitration whenever the parties have agreed to arbitrate and the court is satisfied there is no substantial issue that such an agreement was made. The language of the arbitration clause in the agreement between the present parties was very similar to the language in the parallel contract provision in Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286 (Fla. 3d DCA 1980), and identical with that in Morton Z. Levine & Associates, Chartered v. Van Deree, 334 So.2d 287 (Fla. 2d DCA 1976). In both of those cases certiorari was granted the defendants seeking arbitration of the claims against them. We feel it unnecessary to review the remaining arguments but have considered them all.
HURLEY and BARKETT, JJ., concur.