PER CURIAM.
Appellants’ non-final appeal, which we treat as a petition for certiorari, see Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286 (Fla. 3d DCA 1980); Lumbermen’s Mutual Casualty Co. v. Beaver, 355 So.2d 441 (Fla. 4th DCA 1978); see also Beemik Builders & Contractors, Inc. v. Huber Plumbing, Inc., 476 So.2d 780 (Fla. 4th DCA 1985), challenges the trial court’s refusal to compel arbitration of a punitive damage claim by reserving jurisdiction to decide that issue while referring the remainder of the related issues to arbitration. On the authority of Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Melamed, 453 So.2d 858 (Fla. 4th DCA 1984), aff'd, 476 So.2d 140 (Fla.1985), we grant the writ and quash the reservation of jurisdiction provision.
GLICKSTEIN, HURLEY and WALDEN, JJ., concur.