501 So.2d 69 (1987)
CORAL 97 ASSOCIATES, LTD., a Florida Limited Partnership, Appellant,
v.
CHINO ELECTRIC, INC., a Florida Corporation, Appellee.
No. 86-2424.
District Court of Appeal of Florida, Third District.
January 13, 1987.
*70 Drew S. Sheridan, Miami, for appellant.
Leiby & Elder and Kathleen E. Bente, Miami, for appellee.
Before BASKIN, DANIEL S. PEARSON and FERGUSON, JJ.
BASKIN, Judge.
Coral 97 Associates, Ltd., [Coral] appeals the trial court's denial of its motion to dismiss the complaint or to stay action pending arbitration on the ground that the trial court erred in ruling that Coral waived its right to arbitration by taking an action inconsistent with its rights under the contract. We agree with the trial court and affirm the Order on Motion to Dismiss or Stay Action Pending Arbitration.
Coral and appellee Chino Electric, Inc. [Chino] entered into a contract whereby Chino would make certain improvements to real property owned by Coral. The parties agreed to arbitrate disputes. Subsequently, however, without requesting arbitration, Chino instituted an action against Coral for foreclosure of a mechanic's lien and breach of contract. In response, Coral filed a motion to dismiss the complaint, claiming that Chino had failed to state a cause of action and had not complied with contractual provisions requiring arbitration prior to the filing of a lawsuit. With its motion to dismiss, Coral filed a counterclaim for breach of contract. The counterclaim made no reference to Chino's failure to demand arbitration. Prior to the hearing on the motion to dismiss, Coral also filed a notice of taking Chino's deposition.
Following a hearing, the trial court dismissed one count of the complaint, granted Chino leave to amend, and deferred ruling on the arbitration issue. Thereafter, the trial court denied Coral's motion to dismiss on the ground that Coral waived its right to demand arbitration by taking the inconsistent action of filing a counterclaim. Coral appealed pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v).
Although courts favor arbitration, U.S. Fire Ins. Co. v. Franko, 443 So.2d 170 (Fla. 1st DCA 1983), parties may waive the contractual right to arbitration either by taking an active part in the litigation or by undertaking an action inconsistent with that right, Klosters Rederi A/S v. Arison Shipping Co., 280 So.2d 678 (Fla. 1973), cert. denied, 414 U.S. 1131, 94 S.Ct. 869, 38 L.Ed.2d 755 (1974); Lapidus v. Arlen Beach Condo. Ass'n, Inc., 394 So.2d 1102 (Fla.3d DCA 1981); Ojus Indus., Inc. v. Mann, 221 So.2d 780 (Fla.3d DCA 1969); Mike Bradford & Co. v. Gulf States Steel Co., 184 So.2d 911 (Fla. 3d DCA 1966). By filing a counterclaim simultaneously with a motion to dismiss and by implementing discovery, *71 Coral fulfilled either of the criteria for finding waiver of its arbitration right.
Citing Genstar Southern Development Corp. v. Troup Bros., Inc., 396 So.2d 211 (Fla. 3d DCA 1981), Coral contends that its filing of a compulsory counterclaim did not constitute a waiver because it did not submit the merits of the action to a court for resolution and it was required to file the compulsory counterclaim under Florida Rule of Civil Procedure 1.170(a). We disagree. Although Coral's motion to dismiss raised the arbitration issue, Coral's counterclaim addressed only its alleged breach of contract claim against Chino. Thus, Coral submitted the breach of contract issue to the court for determination. Romar Transp., Ltd. v. Iron & Steel Co. of Trinidad & Tobago, Ltd., 386 So.2d 572 (Fla. 4th DCA 1980), review denied, 392 So.2d 1375 (Fla. 1981); see Lapidus, 394 So.2d at 1103 ("a party who contests the merits of a claim by filing a motion for summary judgment accepts the judicial forum"); King v. Thompson & McKinnon, Auchincloss Kohlmeyer, Inc., 352 So.2d 1235 (Fla. 4th DCA 1977) (defendant abandoned arbitration right when it answered a cross-claim and filed a reciprocal cross-claim prior to moving for arbitration).
Furthermore, Coral was not required to file its compulsory counterclaim when it filed its motion to dismiss. The filing of a timely motion to dismiss tolls the time for answering until the court rules on the motion. Atlantic Coast Line R. Co. v. Lake County Citrus Sales, Inc., 48 So.2d 922 (Fla. 1950); see Fla.R.Civ.P. 1.140(a). See generally Henry P. Trawick, Jr., Trawick's Florida Practice & Procedure § 11-2 (1986 ed.). In these circumstances, Florida Rule of Civil Procedure 1.170(a) requires the filing of a compulsory counterclaim only when the answer is served, and, similarly, the motion tolls the time for filing a compulsory counterclaim. Thus, Coral's filing of a counterclaim in advance of the court's ruling on the arbitration question raised in its motion to dismiss constituted an act inconsistent with its demand for arbitration. Klosters Rederi A/S; see Hansen v. Dean Witter Reynolds, Inc., 408 So.2d 658 (Fla. 3d DCA 1981) (defendant waived arbitration right by asserting failure to arbitrate as an affirmative defense in answer), review denied, 417 So.2d 328 (Fla. 1982); Rolls v. Bliss & Nyitray, Inc., 408 So.2d 229 (Fla. 3d DCA) (defendants waived arbitration right when they delayed in demanding arbitration until after cause had been set for trial, and counterclaimed and actively participated in discovery), dismissed, 415 So.2d 1359 (Fla. 1982); Winter v. Arvida Corp., 404 So.2d 829 (Fla. 3d DCA 1981) (defendant, having filed answer and conducted discovery with knowledge of arbitration clause before filing motion to dismiss for failure to arbitrate and having proceeded with suit after filing motion to dismiss by continuing discovery, waived its right to arbitration); Marthame Sanders & Co. v. 400 West Madison Corp., 401 So.2d 1145 (Fla. 4th DCA 1981) (defendant waived arbitration right by filing answer and counterclaim and by proceeding with discovery); cf. Ziegler v. Knuck, 419 So.2d 818 (Fla. 3d DCA 1982) (filing of cross-claim after trial court denied petitioner's motion to compel arbitration cannot act as a waiver where petitioner was compelled to submit to trial court's ruling and where petitioner timely challenged court's adverse ruling). But see Wieneke v. Raymond, James & Assoc., 495 So.2d 869 (Fla. 2d DCA 1986) (defendant's filing of various motions after demanding arbitration as well as filing an answer and affirmative defenses did not act as a waiver of arbitration right).
Affirmed.
FERGUSON, J., concurs.
DANIEL S. PEARSON, J., concurs in result only.