540 So.2d 162 (1989)
INTRACOASTAL VENTURES CORPORATION, D/B/a Apollo Waterbeds, Appellant,
v.
SAFECO INSURANCE COMPANY OF AMERICA, Appellee.
No. 87-3262.
District Court of Appeal of Florida, Fourth District.
March 15, 1989.
*163 William A. Fleck of Patrick M. O'Hara, P.A., West Palm Beach, for appellant.
Bob G. Freemon, Jr., Tampa, for appellee.
LETTS, Judge.
The trial court dismissed a complaint filed by an insured against its insurer, holding that the language of the policy compelled arbitration. The insured appeals that ruling, but we affirm.
The insurance policy at issue contained the following provision:
7. Appraisal

If the named insured and the Company fail to agree on the amount of the loss, either can demand that the amount of loss be set by appraisal. If either party makes a written demand for appraisal, each shall select a competent independent appraiser. Each shall notify the other of the selected appraiser's identity within twenty (20) days of the receipt of the written demand.
The two appraisers shall select a competent, impartial umpire. If the appraisers are unable to agree upon an umpire within fifteen (15) days, the named insured or the Company may petition a judge of a Court of Record in the state where the insured premises is located to select an umpire.
The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to the Company, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of loss.
Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and compensation of the umpire shall be paid equally by the named insured and the Company. (emphasis added).
The insured argues that the foregoing provision "contemplates nothing more than an informal appraisal process" which fails to meet the standards necessary to qualify under Florida's Arbitration Code. See Chap. 682, Fla. Stat. (1987). We disagree.
Several Florida courts have equated appraisal clauses with arbitration clauses where substantially the same language was employed as we find in the policy now before us. In U.S. Fire Insurance Co. v. Franko, 443 So.2d 170 (Fla. 1st DCA 1983), the court ruled that the trial judge erred in denying the insurer's motion to dismiss the insured's claim and compel arbitration. In Franko, the following "arbitration agreement" was contained in the insurance policy:
Appraisal. If you and we fail to agree on the amount of loss, either can demand that the amount of the loss shall be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If *164 the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state of the Described Location to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable period of time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.
Id. at 171-72.
The Franko court repeatedly referred to the appraisal clause as an arbitration agreement and did not even discuss the question of whether that appraisal clause should be considered to be an arbitration agreement. It simply treated it as one. The provision in Franko is almost identical to the provision in the policy before us now.
Similarly, in Transamerica Insurance Co. v. Weed, 420 So.2d 370 (Fla. 1st DCA 1982), the court treated an appraisal clause as an arbitration agreement, noting that the "`appraisal' provision in the policy is in fact an agreement to submit to arbitration in the event of disagreement on the amount of loss." Id. at 371, n. 1. Once again, the provision in Transamerica Insurance Co. was almost identical to the one sub judice. See also State Farm Fire and Casualty Co. v. Feminine Fashions, Inc., 509 So.2d 376 (Fla. 3d DCA 1987).
The insured cites Wiggs & Maale Construction Co. v. Stone Flex, Inc., 263 So.2d 607 (Fla. 4th DCA 1972), where the court held there was not an agreement to arbitrate. The construction contract in Stone Flex forbade alterations to the specifications except on written order. If the parties were unable to agree on the cost of an alteration, the contract provided that "`the value of the work shall be referred to the Architect whose decision shall be binding upon both parties hereto.'" Id. at 608. The Stone Flex court ruled that such a provision did not provide for arbitration as contemplated by the statute, and that as the parties did not agree in writing to submit any controversy between them to arbitration, the Arbitration Code was inapplicable. We agree with that holding.
The contract provision in Stone Flex is dissimilar to the one at issue here, in which the parties clearly agreed to a procedure for selecting two independent appraisers to resolve a disagreement as to the amount of loss incurred. The two appraisers were then to select an impartial umpire, and if an umpire could not be agreed upon within fifteen days, either party could petition the court to appoint one. If the appraisers could not agree upon an amount within a reasonable time, they were to submit their differences to the umpire. The agreement thus sets forth in detail the procedure and time limits for resolution of the dispute. By contrast, Stone Flex gave sole control of the outcome to a single architect.
The provisions in a contract providing for arbitration must sufficiently identify what particular matters are to be submitted to arbitration, and set forth some procedures by which arbitration is to be effected. In Malone & Hyde, Inc. v. RTC Transportation, Inc., 515 So.2d 365 (Fla. 4th DCA 1987), this court found the record insufficient to establish that the parties had entered into a binding contract for arbitration, absent evidence concerning the form of arbitration, the number of arbitrators, the manner of selection of the arbitrators, and the procedure to be followed. However, as recounted in the preceding paragraph, there are no such uncertainties in the insurance policy before us now.
Arbitration agreements are valid and enforceable, and public policy favors arbitration as an alternative to litigation. Oppenheimer & Co. v. Young, 456 So.2d 1175 (Fla. 1984); Larry Kent Homes, Inc. v. Empire of America FSA, 474 So.2d 868 (Fla. 5th DCA 1985), rev. denied sub. nom. Anderton v. Larry Kent Homes, Inc., 484 So.2d 7 (Fla. 1986). A court should grant a motion to compel arbitration under section *165 682.03(1) whenever the parties have agreed to arbitrate and the court is satisfied that there is no doubt that such an agreement was made. Beemik Builders & Constructors, Inc. v. Huber Plumbing, Inc., 476 So.2d 780 (Fla. 4th DCA 1985). We entertain no such doubt in the case at bar.
We therefore affirm the trial judge, finding no merit in the remaining subissue appealed.
AFFIRMED.
GLICKSTEIN, J., and POLEN, MARK E., Associate Judge, concur.