# ARIES ELECTRIC, INC. v CENTENNIAL CONSTRUCTION CO.

## Case No. 89-109 AP (County Court Case No. 89-01931 CC 05)

Eleventh Judicial Circuit, Dade County

September 15, 1989

### APPEARANCES OF COUNSEL

**Brian R. Hersh,** for appellant.

**Susan E. Trench,** Goldstein & Tanen, P.A., for appellee.

Before KORNBLUM, KAHN, FERRO, JJ.

### OPINION OF THE COURT

PER CURIAM.

Appellant, subcontractor, was joined as a third-party defendant. Before filing any responsive pleading, appellant attorney deposed an agent or officer of Centennial. The deposition was terminated prior to completion.

Thereafter, appellant sought production of documents. After production of legible documents, appellant was able to ascertain that there was a contractual provision for arbitration. Soon thereafter, Aries filed

its Motion to Dismiss and Motion to Abate seeking to enforce the arbitration clause.

The Trial Court denied the motions finding that Aries' waived its right to arbitration by its ". . . participation in litigation by having taken the deposition of Centennial Construction Company," from which appellant takes this appeal.

Appellant filed no responsive pleading or other pleading directed to the merits or seeking affirmative relief, except its Motion for Attorney's Fees.

It cannot be said, therefore, that Appellant's participation was inconsistent with the right to arbitration such as would constitute a waiver of that right. *Coral 97 Associates, Ltd. v Chino Electric, Inc.,* 501 So.2d 69 (Fla. 3d DCA 1987)

Reversed and remanded with directions to stay the proceedings and compel arbitration.