643 So.2d 1101 (1994)
PREFERRED MUTUAL INSURANCE COMPANY, a foreign insurance company authorized to do business in the State of Florida, Appellant,
v.
Manuel MARTINEZ and Clara Martinez, his wife, Appellees.
No. 94-828.
District Court of Appeal of Florida, Third District.
August 24, 1994.
Rehearing Denied November 2, 1994.
*1102 Ponzoli, Wassenberg & Sperkacz and John P. Keller and Ronald Ponzoli, Miami, for appellant.
Adolfo Del Castillo, Miami, for appellees.
Before HUBBART, BASKIN and COPE, JJ.
BASKIN, Judge.
Preferred Mutual Insurance Company ["Preferred Mutual"] appeals an order denying its motion to compel appraisal. We reverse and remand with instructions.
Preferred Mutual issued a homeowners' insurance policy to Manuel and Clara Martinez ["insureds"]. The insureds' home sustained damage during hurricane Andrew. The insureds filed a claim for benefits with Preferred Mutual. Preferred Mutual issued the Martinezes a check for $1,979.43; the insureds believed the amount to be insufficient. After further negotiations, Preferred Mutual issued another check for $8,620.06. The insureds presented Preferred Mutual with two estimates for the repairs required on the home in amounts exceeding $49,000.00. The insureds filed a lawsuit against Preferred Mutual asserting that the insurance company unreasonably failed to offer them the full replacement value of their home.
Preferred Mutual filed a motion to dismiss and compel appraisal, asserting the policy provision which states that in the event the parties cannot agree on the appropriate compensation either party may file a written demand for appraisal.[1] The trial court denied the motion; this appeal ensued.
The sole issue on appeal is whether the appraisal clause in the insureds' homeowners' policy should be construed as an arbitration clause. Several courts have construed appraisal provisions in insurance policies and have treated these provisions as arbitration provisions. American Reliance Ins. Co. v. Village Homes at Country Walk, 632 So.2d 106 (Fla. 3d DCA 1994); Intracoastal Ventures Corp. v. Safeco Ins. Co. of Am., 540 So.2d 162 (Fla. 4th DCA 1989); U.S. Fire Ins. Co. v. Franko, 443 So.2d 170 *1103 (Fla. 1st DCA 1983); see State Farm Fire & Casualty Co. v. Feminine Fashions, Inc., 509 So.2d 376 (Fla. 3d DCA 1987). As with arbitration clauses, appraisal provisions are deemed to be conditions precedent to recovery under the insurance policies. Transamerica Ins. Co. v. Weed, 420 So.2d 370 (Fla. 1st DCA 1982). Moreover, contrary to the insureds' argument that Preferred Mutual has forfeited its right to invoke the appraisal clause because it failed to request appraisal during the lengthy negotiations, the record demonstrates that Preferred Mutual has not waived its right to appraisal: Preferred Mutual has not acted inconsistently with that right at any point in these proceedings. U.S. Fire Ins. Co., 443 So.2d at 172; Balboa Ins. Co. v. W.G. Mills, Inc., 403 So.2d 1149 (Fla. 2d DCA 1981); see Coral 97 Assoc., Ltd. v. Chino Elec., Inc., 501 So.2d 69 (Fla. 3d DCA 1987). In this case, Preferred Mutual properly moved to compel appraisal (arbitration) in response to the insureds' complaint. The trial court erred in denying that motion.
Motions to compel arbitration should be granted whenever the parties have agreed to arbitration and the court entertains no doubts that such an agreement was made. Intracoastal Ventures Corp., 540 So.2d at 164. For these reasons we reverse the order denying the motion to compel appraisal, and remand for entry of an order compelling appraisal.
Reversed and remanded.
NOTES
[1] Paragraph 12 of the Preferred Mutual policy provides:

12. Appraisal  If you and we do not agree on the amount of the loss, the actual cash value of the property or the cost to repair or replace the property, either party may demand that these amounts be determined by appraisal.
If either party makes a written demand for appraisal, each will select a competent independent appraiser and notify the other of the appraiser's identity within 20 days after the receipt of the written demand. The two appraisers will select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the property is located to select an umpire.