679 So.2d 794 (1996)
R. Lawrence BONNER and Jeannie P. Bonner, His Wife, Appellants,
v.
RCC ASSOCIATES, INC., Appellee.
No. 96-374.
District Court of Appeal of Florida, Third District.
July 17, 1996.
Rehearing Denied October 9, 1996.
Blaxberg, Grayson & Singer, Moises T. Grayson and Jonathan W. Segal, Maimi, for appellants.
Siegfried, Rivera, Lerner, De La Torre & Sobel, Stuart H. Sobel and James F. Harrington, Coral Gables, for appellee.
Before BARKDULL, JORGENSON and LEVY, JJ.
PER CURIAM.
Homeowners Lawrence and Jeannie Bonner appeal from a nonfinal order granting a contractor's motion to stay, pending arbitration. For the following reasons, we reverse.
The Bonners contracted with RCC Construction to renovate their residence. Included in the contract was a standard arbitration clause that mandated arbitration of all claims or disputes between the owners and the contractor that arose out of the contract. The owners were dissatisfied with the work performed and did not make all of the contracted-for payments. The contractor filed a complaint for breach of contract and quantum meruit, and a notice of lis pendens. *795 Although the contractor served on the Bonners a demand for arbitration, the contractor did not allege that arbitration was required, and did not request a stay of the proceedings pending arbitration until twenty-one days after filing suit.
When RCC filed its complaint and lis pendens, it actively sought judicial resolution of the disputean action inconsistent with arbitration. The contractor thus waived its contractual arbitration rights "by filing the action below, without simultaneously requesting a stay and an order compelling arbitration...." Hough v. JKP Dev., Inc., 654 So.2d 1241, 1241 (Fla. 3d DCA 1995); see also Hardin Int'l v. Firepak, Inc., 567 So.2d 1019, 1021 (Fla. 3d DCA 1990)(contractor "waived its right to arbitrate the lien dispute when it filed the foreclosure action").
Reversed and remanded.