685 So.2d 27 (1996)
Steve PHILLIPS, Appellant,
v.
GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Appellee.
No. 96-1527.
District Court of Appeal of Florida, Third District.
November 27, 1996.
Rehearing Denied January 15, 1997.
*28 De La Cruz & Cutler and H. Jeffrey Cutler, Coral Gables, and Albert D. Viener, for appellant.
Richard A. Sherman and Rosemary Wilder, Robert A. Glassman, Ft.Lauderdale, and David J. Ventura, for appellee.
Before COPE, LEVY, and SHEVIN, JJ.
LEVY, Judge.
The plaintiff below appeals a trial court order which denied his motion to compel arbitration and dismissed his action seeking declaratory judgment. For the following reasons, we reverse.
Steve Phillips (hereinafter "homeowner") submitted a claim with General Accident Insurance (hereinafter "insurer") following Hurricane Andrew in 1992. The insurer made several payments toward satisfying the homeowner's claim. According to the homeowner, the payments made by the insurer were insufficient to cover the cost of repairing his home. The homeowner made numerous written demands that he and the insurer submit to arbitration pursuant to a provision in the policy.[1] The insurer refused to submit to arbitration.
The homeowner then commenced an action for declaratory judgment where the homeowner sought to compel the insurer to submit to the appraisal process. The homeowner served a request for admissions on the insurer. The request for admissions asked the insurer to admit to the authenticity of a copy of the policy as well as copies of correspondence between the appraisers employed by the homeowner and the adjusters employed by the insurer. The request for admissions also asked the insurer to admit that the homeowner had not waived his right to arbitration. In addition, the homeowner served interrogatories on the insurer. The interrogatories sought additional information in the event that the insurer did not admit that the copies of the policy and relevant correspondence were authentic, and in the event that the insurer did not admit that the homeowner had not waived his right to arbitration.
*29 The homeowner next filed a motion to compel arbitration and a request for the production of any insurance policies between the homeowner and the insurer. A hearing was held on the homeowner's motion to compel arbitration. At the hearing, the insurer contended that the homeowner waived any right to arbitration by participating in discovery which sought to obtain much more material than that required to support its effort to compel arbitration. The trial court denied the homeowner's motion to compel. The trial court also treated the arguments advanced by the insurer as a motion to dismiss and dismissed the action for declaratory judgment.
When faced with a claim for arbitration, a trial court is to consider three main issues: "The trial court's role when considering applications to compel arbitration under Section 682.03, Florida Statutes (1987), is limited to determining (1) whether a valid written agreement exists containing an arbitration clause, (2) whether an arbitrable issue exists, and (3) whether the right to arbitrate was waived." Chicago Ins. Co. v. Tarr; 638 So.2d 106 (Fla. 3d DCA 1994)(quoting Piercy v. School Bd. of Washington County, 576 So.2d 806 (Fla. 1st DCA 1991)). The above inquiry constitutes the sole subject of the discovery requests generated by the homeowner in this case. The homeowner's discovery requests were limited in scope and their only purpose was to obtain information relevant to the trial court's determination of whether the right to arbitration was present.
A party can waive its right to arbitration if it takes action inconsistent with the use of arbitration to resolve the dispute. Lapidus v. Arlen Beach Condominium Ass'n, Inc., 394 So.2d 1102, 1103 (Fla. 3d DCA 1981)("Florida courts recognize that a party's contractual right to arbitration may be waived by actively participating in a lawsuit or taking action inconsistent with that right. Filing an answer without asserting the right for arbitration acts as a waiver; as does initiating legal action without seeking arbitration, and counterclaiming without raising the issue of arbitration.") (citations omitted). However, the very purpose of the homeowner's action in the instant case is to establish his right to arbitration and to obtain the sole relief of compelling arbitration.
This is not a case where a party attempts to enforce a lien and litigates that action before requesting arbitration, Hough v. JKP Dev., Inc., 654 So.2d 1241 (Fla. 3d DCA 1995), nor is it a case where a civil defendant submits an answer or counterclaim without raising the issue of arbitration. See Coral 97 Assocs., Ltd. v. Chino Elec., Inc., 501 So.2d 69 (Fla. 3d DCA 1987); Winter v. Arvida Corp., 404 So.2d 829 (Fla. 3d DCA 1981). Instead, all of the pleadings and requests for discovery submitted by the appellant in the instant case evidence an affirmative selection of arbitration to resolve the dispute. The homeowner sought only to compel arbitration and never acted inconsistent with his right to arbitrate. Preferred Mut. Ins. Co. v. Martinez, 643 So.2d 1101 (Fla. 3d DCA 1994). Therefore, we reverse the order denying the motion to compel and dismissing the action for declaratory judgment and remand for an order compelling appraisal.
Reversed and remanded.
NOTES
[1] The pertinent section of the policy provides:

Appraisal. If you and we fail to agree on the amount of the loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the residence premises is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.
It is well-established that this type of appraisal clause is treated as a binding arbitration agreement. See State Farm Fire & Casualty Co. v. Middleton, 648 So.2d 1200, 1202 (Fla. 3d DCA 1995).