934 So.2d 629 (2006)
FRONTAGE ROAD PARTNERS, LLC, a Florida limited liability corporation, Appellant,
v.
Carolyn D. McMULLEN, Appellee.
No. 2D06-1439.
District Court of Appeal of Florida, Second District.
July 26, 2006.
*630 Marion Hale and Steven H. Weinberger of Johnson, Pope, Bokor, Ruppel & Burns, LLP, Clearwater, for Appellant.
Hala Sandridge and Tirso M. Carreja, Jr., of Fowler White Boggs Banker P.A., Tampa, for Appellee.
CASANUEVA, Judge.
Frontage Road Partners, LLC, filed this nonfinal appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv), when the trial court denied its motion to compel arbitration. The trial court found that Frontage Road Partners had waived its contractual right to arbitration by taking action inconsistent with that right, i.e., filing a complaint in the circuit court for specific performance of a real estate sales contract in which it was the buyer. Along with its complaint, Frontage Road Partners also filed a notice of lis pendens. We agree with our sister court's opinion in Bonner v. RCC Associates, Inc., 679 So.2d 794 (Fla. 3d DCA 1996), that a plaintiff waives a contractual right to arbitrate by filing a complaint and a notice of lis pendens without simultaneously requesting a stay and an order compelling arbitration.
Frontage Road Partners argues that it had to file the complaint in order to get a lis pendens so that the property would not be sold to a third party pending resolution of its dispute with the seller of the property, Carolyn D. McMullen. We do not disagree that it was proper to take such action. However, that action, while needed in such a case as this, is not inconsistent with a contractual right to arbitrate the dispute if a request for a stay and an order compelling arbitration accompanies the complaint. Filing a complaint and lis pendens to protect the right to buy the property or requesting arbitration pursuant to the sales contract are not mutually exclusive actions. The trial court based its order on several grounds. We do not address the other grounds but conclude that the action of filing a complaint and notice of lis pendens based on a contract without simultaneously requesting a stay and an order compelling arbitration waives that party's contractual right to arbitrate.
Affirmed.
NORTHCUTT and CANADY, JJ., Concur.