946 So.2d 1112 (2006)
CARNIVAL CORPORATION d/b/a Carnival Cruise Lines, Appellant,
v.
Victor M. BOOTH, as Personal Representative of the Estate of Steven M. Booth, Deceased, Appellee.
No. 3D06-1634.
District Court of Appeal of Florida, Third District.
December 13, 2006.
*1113 Mase & Lara and Curtis Mase and Beverly D. Eisenstadt, Miami, for appellant.
Haggard, Parks, Haggard & Lewis and Jeannete C. Lewis and Robert L. Parks, Coral Gables, for appellee.
Before WELLS, CORTIÑAS, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
Carnival Corporation d/b/a Carnival Cruise Lines ("Carnival") appeals from a non-final order denying its amended motion to dismiss the complaint filed by Victor M. Booth, as Personal Representative of the Estate of Steven M. Booth, deceased ("Plaintiff") for improper venue. We reverse.
On July 20, 2004, Steven Booth ("Steven"), a guest/passenger on a ship owned by Carnival, died while participating in a scuba diving excursion in the U.S. Virgin Islands. The cover of the booklet holding Steven's ticket contract states that the ticket contract contains conditions that limit the "RIGHTS OF GUESTS TO ASSERT CLAIMS AGAINST THE CRUISE LINE. . . ." Paragraph 14(a) of the ticket contract provides as follows:
Carnival shall not be liable for any claims whatsoever for personal injury, illness or death of the guest, unless full particulars in writing are given to Carnival within 185 days after the date of injury, event, illness or death giving rise to the claim. Suit to recover on any such claim shall not be maintainable unless filed within one year after the date of the injury, event, illness or death. . . .
Further, Paragraph 15 provides:
It is agreed by and between the Guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from the vessel, shall be litigated if at all, before the United States District Court of the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida U.S.A., to the exclusion of the Courts of any other county, state or country.
*1114 On July 1, 2005, the Plaintiff filed suit in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County ("State Court") against Carnival, alleging that it was negligent in marketing the excursion. On August 31, 2005, Carnival filed a motion to dismiss the complaint, and on September 14, 2005, Carnival filed an amended motion to dismiss, adding the argument that the forum selection clause in the ticket contract requires that all disputes in connection with the cruise be filed in the United States District Court of the Southern District in Miami ("Federal Court").
On December 29, 2005, the Plaintiff filed an almost identical suit and demand for jury trial in Federal Court. Thereafter, the Federal Court "administratively closed" the federal action due to the pending State Court action.
The trial court heard Carnival's amended motion to dismiss, and entered an order denying Carnival's motion, finding that Carnival had waived its right to enforce the forum selection clause, and also ordered Carnival to answer the Plaintiff's complaint.
In this non-final appeal, we must determine whether Carnival, based on its actions in State Court, waived its right to enforce the forum selection clause contained in the ticket contract. Specifically, the Plaintiff's waiver argument is based on the fact that Carnival, on October 17, 2005, served interrogatories and a request for production on the Plaintiff. As the facts are undisputed, and the issue before this court is purely a legal one, the standard of review is de novo. See Envirolite Enters., Inc. v. Glastechnische Industrie Peter Lisec Gesellschaft M.B.H., 53 B.R. 1007, 1011-12 (S.D.N.Y.1985)(noting that whether a party's actions constitute a waiver of a forum selection clause is a "matter of law"); Dive Bimini, Inc. v. Roberts, 745 So.2d 482, 483-84 (Fla. 1st DCA 1999)(providing that where facts are undisputed and the issue turns on a question of law, the standard of review is de novo).
Contractual forum selection clauses can be waived. See Three Seas Corp. v. FFE Transp. Servs., Inc., 913 So.2d 72, 74-75 (Fla. 3d DCA 2005)(holding that the defense of improper venue based on a contractual forum selection clause is waived if not pled with particularity in responsive pleading or, if made by motion, "before pleading if a further pleading is permitted")(quoting Fla. R. Civ. P. 1.140(b)). "Waiver" is defined "as the voluntary and intentional relinquishment of a known right or conduct which implies the voluntary and intentional relinquishment of a known right." Raymond James Fin. Servs., Inc. v. Saldukas, 896 So.2d 707, 711 (Fla.2005); see also Black's Law Dictionary 1611 (8th ed.2004)(defining "waiver" as the "voluntary relinquishment or abandonmentexpress or impliedof a legal right or advantage").
In the instant case, the parties do not dispute that Carnival's defense of improper venue was properly and timely asserted pursuant to Florida Rule of Civil Procedure 1.140(b), as Carnival raised the defense with particularity in its amended motion to dismiss and was made prior to the filing of a responsive pleading. Thus, we must determine whether Carnival, as a matter of law, waived its right to enforce the forum selection clause by serving one set of interrogatories and a request for production on the Plaintiff after it filed its amended motion to dismiss, which included its objection to venue.
On October 17, 2005, approximately one month after Carnival filed its amended motion to dismiss for improper venue, Carnival served interrogatories and a request for production on the Plaintiff in the State Court action. We conclude that Carnival's limited participation in the State Court *1115 action does not, however, amount to a waiver of its right to enforce the forum selection clause. See Blank v. Bitker, 135 F.2d 962, 967 (7th Cir.1943)(holding that the defendant did not waive his right to assert improper venue by taking depositions); Envirolite, 53 B.R. at 1011-12 (holding that a venue objection based on a forum selection clause was not waived by the defendant's service of a set of interrogatories on the plaintiff); Sherman v. Moore, 86 F.R.D. 471, 473-74 (S.D.N.Y.1980)(noting that a party may "waive its objection to venue by its pre-trial conduct"; holding that the defendants did not waive their defense of improper venue by conducting a deposition where they asserted the defense in a timely manner by raising it in its amended answer); Shaw v. United States, 422 F.Supp. 339, 341 (S.D.N.Y.1976)(holding that defendant's action of taking a deposition does not constitute waiver of an improper venue defense that was properly raised in the answer).
"Courts have often compared forum selection clauses to arbitration clauses and have applied a similar enforceability analysis to both." Thunder Marine, Inc. v. Brunswick Corp., No. 8:06-CV-384-T17 EAJ, 2006 WL 1877093, at *8 (M.D.Fla. July 6, 2006); see also Scherk v. Alberto-Culver Co., 417 U.S. 506, 519, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974)("An agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute."). The Plaintiff, therefore, relied upon several cases which examined whether the actions of a party constituted a waiver of an arbitration clause in arguing that Carnival's actions resulted in a waiver of the forum selection clause in the instant case. While we recognize that "[t]he right to arbitration, like any contract right, can be waived," Raymond James Fin. Servs., Inc. v. Saldukas, 896 So.2d 707, 711 (Fla.2005)(quoting Nat'l Found. for Cancer Research v. A.G. Edwards & Sons, Inc., 821 F.2d 772, 774 (D.C.Cir.1987)), and that "Florida courts recognize that a party's contractual right to arbitration may be waived by actively participating in a lawsuit or taking action inconsistent with that right," Lapidus v. Arlen Beach Condo. Assoc., Inc., 394 So.2d 1102, 1103 (Fla. 3d DCA 1981), we specifically note that forum selection clauses and arbitration clauses serve different purposes. See Thunder Marine, 2006 WL 1877093 at *8. We additionally find that the cases relied upon by the Plaintiff are factually distinguishable, and therefore, inapplicable.
In Lapidus, the third party defendant moved for summary judgment. In finding that the third party defendant waived his right to arbitration, this court stated, "A party who contests the merits of a claim by filing a motion for summary judgment accepts the judicial forum. She may not consistently later claim that only the arbitral forum is satisfactory." Lapidus, 394 So.2d at 1103. Unlike the third party defendant in Lapidus, Carnival did not file a motion for summary judgment "contest[ing] the merits of [the] claim" and did not in any manner seek affirmative relief from the State Court.
In Frontage Road Partners, LLC v. McMullen, 934 So.2d 629 (Fla. 2d DCA 2006), the plaintiff filed a complaint in the circuit court seeking the specific performance of a real estate contract. Thereafter, the plaintiff filed a motion to compel arbitration, which the trial court denied finding that the plaintiff had waived the contractual arbitration provision. The Second District Court of Appeal affirmed the trial court's conclusion, holding that "the action of filing a complaint and notice of lis pendens based on a contract without simultaneously requesting a stay and an order compelling arbitration waives that party's *1116 contractual rights to arbitrate." Id. at 630. The Plaintiff's reliance on Frontage Road is, therefore, also misplaced, as the Plaintiff, not Carnival, filed the action in State Court, and Carnival filed a timely and proper motion to dismiss for improper venue.
In Winter v. Arvida Corp., 404 So.2d 829 (Fla. 3d DCA 1981), a case not relied upon by the Plaintiff, this court held that the right to arbitration was waived by proceeding with discovery. In that case, however, after the plaintiff filed the complaint, the following activity took place: 1) the defendant filed a motion to dismiss the complaint for failure to state a cause of action, which was denied by the trial court; 2) the defendant deposed the plaintiff; 3) the defendant filed an answer, including affirmative defenses, without demanding arbitration; 4) approximately eight months after the plaintiff filed the complaint, the defendant filed a second motion to dismiss, this time arguing that the arbitration clause precluded the lawsuit; and 5) the defendant served interrogatories upon the plaintiff. While the trial court granted the defendant's motion to dismiss, thereby enforcing the arbitration provision, on appeal, this court reversed, finding that the defendant waived the arbitration provision by failing to answer the complaint without demanding arbitration and by proceeding with discovery both prior to and after moving to dismiss. This court concluded that the defendant's "actions were inconsistent with the right to arbitrate. . . ." Id. at 830. Thus, the defendant's actions and participation in the lawsuit were significant. In contrast, in the instant case, Carnival filed its amended motion to dismiss for improper venue, did not file an answer, and has not actively participated in the State Court action.
Under the facts of this case, which are not in dispute, we conclude that Carnival, as a matter of law, did not waive its right to enforce the forum selection clause. Carnival properly asserted the defense of improper venue, and its action of serving one set of interrogatories and a request for production does not constitute a waiver of that right. Therefore, as Carnival did not waive its right to enforce the forum selection clause and the enforcement of the forum selection clause is not unreasonable under the circumstances, see Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991)("It bears emphasis that forum-selection clauses contained in form passage contracts are subject to judicial scrutiny for fundamental fairness."); Norwegian Cruise Line, Ltd. v. Clark, 841 So.2d 547, 550 (Fla. 2d DCA 2003)("A party contesting enforcement of a forum selection provision bears the `heavy burden' of demonstrating why enforcement would be unreasonable.")(citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 17, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)), we reverse the order under review and remand for entry of an order granting Carnival's motion to dismiss for improper venue.
Reversed and remanded.