VAN NORTWICK, J.
David Pearson appeals a non-final order which, on motion from Peoples National Bank, appellee, stays a declaratory action and directs the parties to arbitration. Because the Bank waived its right to compel arbitration, the non-final order under review is erroneous and must be reversed.
In April 2010, Pearson and the Bank entered into a real estate sales contract under which Pearson agreed to purchase a vacant lot in Walton County. The lot as described in the contract included beach access. The Bank, however, was not ultimately able to convey that access and, as a result, has since argued that the sales contract is null and void. Nevertheless, Pearson has demanded this access and does not agree that the contract is null and void.
In April 2012, the Bank filed a complaint for a declaratory judgment as to the respective rights of the parties under the contract and other unspecified “supplementary relief.” In his answer, Pearson raised breach of contract as an affirmative defense. He also counter-claimed for specific performance and damages for breach of contract. Upon motion of the Bank, the cause was submitted to mediation, but an impasse was declared. Thereafter, upon motion of the Bank, the trial court ordered arbitration, ruling that the sales contract required arbitration.
Paragraph 14 of the sales contract provides:
Controversies, claims, and other matters in question arising out of or relating to this transaction or this Contract or its breach will be settled as follows: ... (b) All other disputes: Buyer and Seller will have 30 days from the date a dispute arises between them to attempt to resolve the matter through mediation, failing which the parties will resolve the dispute through neutral binding arbitration in the county where the Property is located. The contract further states that this clause shall survive closing.
On appeal, Pearson argues that the Bank forfeited its right to demand arbitration pursuant to the contract because it filed a complaint in the circuit court and a notice of lis pendens without simultaneously seeking the right to arbitrate the controversy. We agree.
While Florida law generally favors arbitration, see Roe v. Amica Mut. Ins. Co., 533 So.2d 279, 281 (Fla.1988), there is a long line of authority holding that arbitration can be waived. The general definition of waiver, namely “the voluntary and intentional relinquishment of a known right or conduct which implies the voluntary and intentional relinquishment of a known right,” applies to the right to arbitrate. Raymond James Fin. Servs., Inc. v. Saldukas, 896 So.2d 707, 711 (Fla.2005); Roger E. Freilich, D.M.D., P.A. v. Shochet, 96 So.3d 1135, 1138 (Fla. 4th DCA 2012). While actual participation in a lawsuit has generally been held to waive the right to arbitrate,
the question of whether there has been waiver in the arbitration agreement context should be analyzed in much the same way as in any other contractual context. The essential question is whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right.
Raymond James, 896 So.2d at 711 (quoting with approval Nat’l Found. for Cancer Research v. A.G. Edwards & Sons, Inc., 821 F.2d 772, 774 (D.C.Cir.1987)). In the case before us, the Bank did more than participate in a lawsuit; it initiated the lawsuit. “Initiating a lawsuit, or on the part of a defendant, participating in a lawsuit without first seeking arbitration, constitutes an *1285 affirmative selection of a course of action which runs counter to the purpose of arbitration.” Beverly Hills Dev. Corp. v. George Wimpey of Florida, Inc., 661 So.2d 969 (Fla. 5th DCA 1995) citing Rosen v. Shearson Lehman Bros., 534 So.2d 1185 (Fla. 3d DCA 1988), rev. denied, 544 So.2d 200 (Fla.1989).
Here, the Bank filed the complaint initiating the civil action even though the contract between the parties compelled arbitration of “[a]ll controversies, claims, and other matters in question,” except disputes related to entitlement to deposits. It did so without simultaneously moving to request a stay and an order compelling arbitration. See Frontage Road Partners, LLC v. McMullen, 934 So.2d 629 (Fla. 2d DCA 2006) (holding that action of filing a complaint and notice of lis pendens based on a contract without simultaneously requesting a stay and an order compelling arbitration waives that party’s contractual right to arbitrate); Bonner v. RCC Assoc., Inc., 679 So.2d 794 (Fla. 3d DCA 1996) (explaining that when contractor filed a complaint for breach of contract and quantum meruit, and filed a notice of lis pen-dens, without also moving to stay the proceedings pending arbitration until 21 days later, contractor waived right to demand arbitration); Hough v. JKP Dev., Inc., 654 So.2d 1241, 1241 (Fla. 3d DCA 1995) (holding plaintiff waived right to arbitration by not simultaneously requesting a stay and an order of arbitration at the time of the complaint). In fact, the Bank did not file motion to compel arbitration until approximately six months after the filing of the complaint; further, the Bank did not immediately seek mediation of the controversy. Given the undisputed facts before us, the Bank waived its right to demand arbitration and the trial court abused its discretion in staying the civil proceedings below and ordering arbitration.
REVERSED and REMANDED for further proceedings.
MARSTILLER and RAY, JJ., concur.