Nos. 30,055 and 30,056.

DONALD F. McKENZIE, *Appellant*, v. THE FIDELITY-PHENIX FIRE
INSURANCE COMPANY and THE HARMONIA FIRE INSURANCE COM-
PANY, *Appellees*.

(3 P. 2d 477.)

Opinion filed October 10, 1931.

*Joseph Taggart* and *Harold H. Malone,* both of Wichita, for the appellant.

*A. M. Ebright, Allen B. Burch, J. B. Patterson* and *P. K. Smith,* all of
Wichita, for the appellees.

The opinion of the court was delivered by

SLOAN, J.: This was an action to recover on two fire insurance
policies. The defendants prevailed, and the plaintiff appeals.

The plaintiff brought suit against the defendant, The Fidelity-
Phenix Fire Insurance Company, claiming a balance of $447.21 on
a $4,000 policy, and a suit against the defendant, The Harmonia
Fire Insurance Company, to recover a balance of $559.01 on a
$5,000 policy. The petition in each case was identical, except the
name of the defendant and the amount claimed. It alleged that
the plaintiff was the owner of a three-story brick building which
was wholly destroyed by fire on February 7, 1929; that the whole
amount of insurance on said building was $24,800, and that at the
time of the fire the policies were in full force and effect; that the
defendant the Fidelity-Phenix company had paid $3,552.79 on a
$4,000 policy, and the Harmonia company had paid $4,440.99 on a
$5,000 policy; that the defendants knew the building was wholly

destroyed; that the amount due on each policy was definite and certain, and that he received no consideration whatsoever for surrendering their claim and asked for judgment for the difference between the amount paid and the face of the policy, together with interest and attorney fees. The defendants answered, admitting the execution of the policies and that the policies were in full force and effect on the date of the fire; that the defendants, together with other insurance companies, had insured the property in question to the amount of $24,800; that the plaintiff and the defendants disagreed as to the amount of loss and damage sustained and they, with other insurance companies, agreed in writing that the loss and damage to the building insured by the defendants should be determined by three disinterested appraisers; that the appraisers were selected by the parties as provided by the terms of the policies, who appraised the loss and damage to the building and found it to be $22,027.32, which amount was apportioned among the companies according to the amount of insurance held by each of them. A copy of the agreement was attached to the answer and also copies of the receipts showing that the plaintiff accepted the amount of the award and receipted therefor. When the case came on for trial the trial court made the following statement:

"It seems to me there are two conditions here under which the plaintiff might recover; first, if there was a total loss and there was no *bona fide* dispute to that question, and settlement was made without any consideration; second, that there was a total loss and that neither the plaintiff nor the defendant knew it was a total loss, but both were of the opinion that there was not a total loss—no dispute about the matter, but just by ignorance of certain facts, both believed it was not a total loss.

"In the latter situation the accord and satisfaction settlement might be avoided by mutual mistake. In the first situation it might be avoided by lack of consideration.

"If, however, there was a total loss and there was a *bona fide* dispute as to that question, the settlement would be good, or if there was not a total loss the settlement might be good.

"If it is agreeable to counsel the court will use the jury in an advisory capacity and submit special questions."

The parties then agreed that the cases might be consolidated, tried as one case, and that the court use the jury in an advisory capacity and submit special questions. Accordingly questions were submitted and answers made by the jury as follows:

"1. Do you find that the material in plaintiff's building, not consumed by

fire, had, immediately after the fire, any value over and above the cost of tearing it down and removing the debris from the premises? A. Yes.

"2. If you answer the foregoing question in the affirmative, state what you find such value to be. A. $1,200.

"3. Do you find that the plaintiff, when negotiating for settlement with the representative of defendant companies, claimed that he had sustained a total loss? A. Yes.

"4. Do you find that the representative of the defendant companies, when negotiating for settlement with the plaintiff, in good faith made the claim that plaintiff had not sustained a total loss? A. Yes.

"5. Do you find that any part of the walls remaining in place after the fire could have been used as it then stood in the reconstruction of the building on the premises similar to the one burned? A. Yes.

"6. If you answer question No. 5 in the affirmative, state if said part of the walls had any value for such purpose. A. Yes.

"7. Do you find that any part of the walls remaining in place after the fire could have been used as it then stood in the construction of a two-story building on the premises? A. Yes.

"8. If you answer question No. 7 in the affirmative, state if said part of the walls had any value for such purpose. A. Yes.

After the return of the verdict motions were filed by each of the parties for a judgment in their favor on the special findings made by the jury. The court sustained the motion of the defendants, overruled the motion of the plaintiff and rendered judgment accordingly. The evidence has not been brought to this court, hence we must accept the findings of the jury as the settled facts in the case.

It is the contention of the appellant that the building in question was wholly destroyed by fire within the meaning of the valued-policy act. This is the principal question in the case. The valued-policy statute is as follows:

"Whenever any policy of insurance shall be written to insure any improvements upon real property in this state against loss by fire, tornado or lightning, and the property insured shall be wholly destroyed . . . the amount of insurance written in such policy shall be taken conclusively to be the true value of the property insured, and the true amount of loss and measure of damages." (R. S. Supp. 1930, 40-905.)

A stipulation for arbitration or appraisal contained in a fire insurance policy has no application where there is a total loss within the meaning of that term in the valued-policy act. If, however, there is a *bona fide* dispute between the parties on the question of total loss and they mutually agree to arbitrate the question, or the insured demands an arbitration under the terms of the policy and the insurer consents thereto, the conclusion reached by the arbitrators under such circumstances is binding on the parties. It is

ordinarily a question of fact for the jury to determine under proper instruction whether a loss by fire is total or partial. (*Insurance Co. v. Heckman*, 64 Kan. 388, 67 Pac. 879.) The rule is well settled that property is not "wholly destroyed" within the meaning of the statute if an ordinarily prudent person would use any portion of the structure in the reconstruction of the building. If, however, the structure is so injured that it must be torn down or that which remains cannot be utilized in reconstructing the building, the building is "wholly destroyed." It matters not that portions of the material in the building can be utilized in rebuilding, for it is not the material composing the building that is insured but the building itself, and if its remnant cannot be used as a basis of repair or reconstruction the loss is total. (*Insurance Co. v. Heckman*, supra; *Kinzer v. Insurance Association*, 88 Kan. 93, 127 Pac. 762, and cases there cited.)

The jury found that the material in appellant's building after the fire had a value, over and above the cost of tearing it down and removing the debris, of $1,200; that a part of the walls remaining in place after the fire could have been used in the reconstruction of the building and that it had a value for such purpose. With these facts definitely established the court was bound to hold that the building was not "wholly destroyed" within the meaning of the valued-policy law.

It is also argued by the appellant that since the jury found the value of the building after the fire to be $1,200, over and above the cost of tearing it down and removing the debris from the premises, that the appellant should have recovered the face of the policy, less $1,200. This contention cannot be sustained. The building was not totally destroyed, consequently the ascertainment of the amount of the loss by appraisal in accordance with the terms of the policy was a proper and necessary proceeding before an action could be maintained on the policy, unless, of course, one of the parties refused to submit to such appraisal. The parties mutually agreed to the appraisal in accordance with the contract, and settlement was made on the basis of the finding of the appraisers. The parties are bound by this settlement, unless fraud or mutual mistake is established, which is neither alleged nor proven in this case.

We find no error in the record and the judgment is affirmed.