HARTFORD FIRE INSURANCE COMPANY *v.* JONES

No. 41012 February 2, 1959 108 So. 2d 571

*McGehee & McGehee,* Meadville, for appellant.

*Chas. H. Herring,* Meadville, for appellee.

HALL, J.

The appellant issued to the appellee a policy of fire insurance covering one National-Auto Home, masonite and plywood, for the period from December 14, 1951, to

December 14, 1952. The house trailer in question was practically totally destroyed by fire on or about August 31, 1952, and was insured for a sum not to exceed $2,000.

This policy contained the standard appraisal clause as to how the amount of loss was to be determined, which clause is as follows: "If the insured and the company fail to agree as to the amount of loss, each shall, on the written demand of either, made within sixty days after receipt of proof of loss by the company, select a competent and disinterested appraiser, and the appraisal shall be made at a reasonable time and place. The appraisers shall first select a competent and disinterested umpire, and failing for fifteen days to agree upon such umpire, then, on the request of the insured or the company, such umpire shall be selected by a judge of a court of record in the county and state in which such appraisal is pending. The appraisers shall then appraise the loss, stating separately the actual cash value at the time of loss and the amount of loss, and failing to agree shall submit their differences to the umpire. An award in writing of any two shall determine the amount of loss. The insured and the company shall each pay his or its chosen appraiser and shall bear equally the other expenses of the appraisal and umpire."

On September 15, 1956, appellant and appellee entered into an agreement whereby they each appointed one appraiser to appraise the loss and the two appraisers thus appointed selected an umpire. One of the appraisers and the umpire fixed the value of the property at $2,650. The Insurance Company's appraiser would not agree to this appraisal. On March 26, 1957, the appellee filed in the circuit court what he styled as "Motion to confirm arbitration and award loss under insurance policy" in the amount of $2,000, this being the limit of the Company's liability.

The appellant filed an answer to the motion and also made a "Motion to vacate arbitration award."

The circuit court entered an order confirming the so-called arbitration award and gave the appellee judgment against appellant in the amount of $2,000.

 Both sides have briefed this case on the theory that the report of the appraisers constituted an award under an arbitration agreement. It seems that all of the lawyers and the court completely overlooked the fact that the report of the appraisers is not an arbitration award. In 3 Am. Jur., Arbitration and Award, Sec. 3, at pp. 830-831, the distinction between the two is made quite clear. The report of appraisers fixing the amount of a fire loss is not an arbitration and award. We quote from the text cited: ''Arbitration is sometimes confused with other forms of procedure which have some points of similarity. For example, agreements in, or separate from, contracts, leaving to the decision of third persons questions of price, value, amounts, quantities, or qualities are not, strictly speaking, submissions to arbitration, nor are such third persons properly called arbitrators. Some of these so-called arbitrations are mere appraisements; others have some, many, or nearly all of the characteristics of arbitrations. All of them, in one or more particulars, differ from arbitrations. Appraisement, in particular, is perhaps most often confused with arbitration. While some of the rules of law that apply to arbitration apply in the same manner to appraisement, and the terms have at times been used interchangeably, there is a plain distinction between them. In the proper sense of the term, arbitration presupposes the existence of a dispute or controversy to be tried and determined in a quasi judicial manner, whereas appraisement is an agreed method of ascertaining value or amount of damage, stipulated in advance, generally as a mere auxiliary or incident feature of a contract, with the object of preventing future disputes, rather than of settling present ones. Liability is not fixed by means of an appraisal; there is only a finding of value, price, or amount of loss or damage. The investiga-

tion of arbitrators is in the nature of a judicial inquiry and involves, ordinarily, a hearing and all that is thereby implied. Appraisers, on the other hand, where it is not otherwise provided by the agreement, are generally expected to act upon their own knowledge and investigation, without notice of hearings, are not required to hear evidence or to receive the statements of the parties, and are allowed a wide discretion as to the mode of procedure and sources of information.'' We covered this point in the case of Home Insurance Company v. Watts, 91 So. 2d 722, 726, not yet reported in the State Reports.

The agreement which was signed for an appraisal is called ''Memorandum of Appraisal'' and a careful reading of the entire agreement shows that in no place is the agreement, or the action of the appraisers thereunder, referred to as an arbitration and award, and in fact it is not an arbitration and award agreement but is purely an agreement for determining the value of the property destroyed.

Both sides have cited numerous authorities on the question of arbitration and award, which authorities we do not think have any bearing whatsoever upon the question now before us.

What the appellee should have done was to file a regular declaration on the insurance policy for recovery of the sum of $2,000, and, as we see it, the whole proceeding before us is almost a comedy of errors.

Section 1464 of the Code of 1942, Recompiled, provides that: ''The declaration shall contain a statement of the facts constituting the cause of action, in ordinary and concise language, without repetition; and if it contains sufficient matter of substance for the court to proceed upon the merits of the cause, it shall be sufficient; and it shall not be an objection to maintaining any action that the form thereof should have been different.''

In this case the appellee chose to denominate his pleading as a motion to confirm arbitration and award loss

under insurance policy. There was attached thereto the original policy, and there was also filed a signed copy of the Memorandum of Appraisal, duly executed by the attorney for the insured and the adjuster for the Insurance Company, and on the reverse side there was duly signed a declaration of the two appraisers appointed and also their selection of an umpire, and the affidavit of the appraisers and of the umpire appeared on the reverse side, duly executed and notarized, and the award of one appraiser and the umpire appears in writing, duly signed.

The appellant filed an answer to the motion and set up his defenses thereto and the matter was heard by the circuit judge without a jury, and the judge found in favor of the appellee for the sum of $2,000.

Rule 11 of the Rules of this Court provides that no judgment shall be reversed on the ground of misdirection to the jury, or the improper admission or exclusion of evidence, or for error as to the matter of pleading or procedure, unless it shall affirmatively appear, from the whole record, that such judgment has resulted in a miscarriage of justice. In the so-called motion of the appellee and the answer of the appellant, the issuance of the policy is admitted, the fact that it was in force at the time of the loss and the appraisal value of the property, and in the answer it is further asserted that $2,000 is the limit of liability of the appellant for loss of the trailer. Under the facts as disclosed by the pleadings in this case, it cannot be said that the judgment rendered in the lower court resulted in a miscarriage of justice, and Rule 11 therefore precludes us from reversing the judgment of the court below, and we are of the opinion that the same should be affirmed. The judgment appealed from is therefore affirmed.

Affirmed.

*Roberds, P. J.,* and *Holmes, Ethridge* and *Gillespie, JJ.,* concur.