No. 46,902

SANDERS B. CLAYTON, *Appellee,* v. ALLIANCE MUTUAL CASUALTY COMPANY, *Appellant,* and DARRELL D. BEDORE.

RUBYE CLAYTON, *Appellee,* v. ALLIANCE MUTUAL CASUALTY COMPANY, *Appellant,* and DARRELL D. BEDORE.

MAX A. CLAYTON, *Appellee,* v. ALLIANCE MUTUAL CASUALTY COMPANY, *Appellant,* and DARRELL D. BEDORE.

(515 P. 2d 1115)

Opinion filed November 3, 1973, denying motion for rehearing. (For original opinion filed July 14, 1973, see *Clayton v. Alliance Mutual Casualty Co.,* 212 Kan. 640, 512 P. 2d 507.)

The opinion of the court was delivered by

FATZER, C. J.: Alliance Mutual Casualty Company, appellant, has filed a motion for rehearing. Leave was granted the Kansas Association of Property and Casualty Insurance Companies, Inc. (Association) to file a brief *amicus curiae.* The original opinion in this case was filed July 14, 1973, and is reported as *Clayton v. Alliance Mutual Casualty Co.,* 212 Kan. 640, 512 P. 2d 507.

Appellant and the Association contend the restrictive provisions contained in the insurance contracts affording appellees uninsured motorists coverage have been expressly approved by the Legislature. Their argument is premised on the provision in K. S. A. 1972 Supp., 40-284 which states:

". . . Provisions affording such insurance protection against uninsured motorists issued in this state prior to the effective date of this act *shall,* when afforded by any authorized insurer, *be deemed, subject to the limits prescribed in this section,* to satisfy the requirements of this section." (Emphasis supplied.)

We need not reiterate the principles of statutory construction; it is sufficient to say the clause does not except appellees' policies from the statute's limitation. The provisions of the statute (K. S. A. 1972 Supp., 40-284) must be considered a part of every automobile liability policy the same as if written therein. (*Simpson v. KFB Insurance Co., Inc.,* 209 Kan. 620, 498 P. 2d 71; *Page v. Insurance Co. of North America,* 256 Cal. App. 2d 374, 64 Cal. Rptr. 89.) Where the policy's provisions regarding uninsured motorists coverage are more restrictive than the relevant statutory provisions requiring such coverage, the requirements of the statute will prevail.

(*Ampy v. Insurance Company*, 200 Va. 396, 105 S. E. 2d 839.) Attempts by the insurer to diminish the statutorily mandated uninsured motorists' protection are contrary to public policy. (*Clayton v. Alliance Mutual Casualty Co.*, supra; *Prosk v. Allstate Ins. Co.*, 82 Ill. App. 2d 457, 226 N. E. 2d 498, 25 A. L. R. 3d 1294.) That the Legislature requires an uninsured motorists provision in every policy, unless expressly waived by the insured, added to the fact that a premium is collected for such protection, must result in a policyholder receiving what he has paid for on each policy, up to the amount of his damages.

We turn now to the additional position advanced by the Association that the Uniform Arbitration Act's adoption is further legislative recognition of the propriety of the uninsured motorists arbitration clause. (Laws 1973, Ch. 24.) This contention is without merit. The Act is not retroactive and is applicable only to agreements made subsequent to its effective date. (Laws 1973, Ch. 24, § 19.) Hence, under the law of Kansas as applied, the uninsured motorists coverage in question is an agreement to arbitrate a future dispute and is therefore invalid.

The motion for rehearing is denied.