J. C. Rawlings, also known as Jack C. Rawlings, and Aileen
Rawlings, appellants, v. Amco Insurance Company,
appellee.

438 N.W.2d 769

Filed April 21, 1989.   No. 87-966.

Richard L. DeBacker for appellants.

Daniel M. Placzek, of Luebs, Dowding, Beltzer, Leininger, Smith & Busick, for appellee.

Boslaugh, White, Caporale, and Grant, JJ., and Rist, D.J.

Caporale, J.

Appellants, J.C. Rawlings, also known as Jack C. Rawlings, and his wife, Aileen Rawlings, sue to recover for tornado damage to their "residence property" under a policy of homeowners' insurance issued to them by appellee, Amco Insurance Company. The district court sustained Amco's motion for summary judgment and dismissed the Rawlingses' petition, to which ruling they assign error. We reverse and remand for further proceedings.

Amco admitted it had in force and effect a policy of insurance which covered the loss, but defended on the ground that the Rawlingses failed to comply with the condition of the policy which provides:

If you [the insureds] and we [the insurer] fail to agree on the amount of loss, either one can demand that the

amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the **residence premises** is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

This court's most recent treatment of contractual provisions purporting to require the parties to arbitrate future disputes is found in *Overland Constructors v. Millard School Dist.*, 220 Neb. 220, 369 N.W.2d 69 (1985), a case involving a construction contract. We observed therein that although this court is supportive of parties' resolving their differences through arbitration, if possible (that is, if all parties so desire), arbitration agreements entered into before a dispute arises which purport to deny the parties the right to resort to the courts nonetheless oust the courts of their jurisdiction and are thus against public policy and therefore void and unenforceable. The doctrine applies to contracts of insurance. E.g., *Heisner v. Jones*, 184 Neb. 602, 169 N.W.2d 606 (1969); *Phoenix Ins. Co. v. Zlotky*, 66 Neb. 584, 92 N.W. 736 (1902); *National Masonic Accident Association v. Burr*, 44 Neb. 256, 62 N.W. 466 (1895); *German-American Ins. Co. v. Etherton*, 25 Neb. 505, 41 N.W. 406 (1889).

Amco concedes that such is the status of the law in this jurisdiction, but contends that an "appraisal clause," that is, a clause which binds the parties to some nonjudicial

determination of a future dispute concerning the amount of a loss where an insurer has admitted liability, is qualitatively different from an "arbitration clause" which seeks to bind the parties to some nonjudicial determination of an insurer's liability for the loss. Amco's reliance on cases such as *School Dist. No. 1 v. Globe & Republic Ins. Co.*, 146 Mont. 208, 404 P.2d 889 (1965), which approve appraisal clauses as conditions precedent to the filing of suit, is misplaced, for the clause before us undertakes not merely to interpose a formalized procedure in an effort to reach an amicable settlement prior to the institution of suit but, rather, undertakes to deprive the parties of a judicial determination of the amount of a loss. Moreover, we do not find persuasive the reasoning of cases such as *Saba v. Ins. Co.*, 159 Ohio St. 237, 112 N.E.2d 1 (1953), *Glidden Co. v. Retail Hardware Mut. Fire Ins. Co.*, 181 Minn. 518, 233 N.W. 310 (1930), *overruled in part Park Construction Co. v. Independent School Dist.*, 209 Minn. 182, 296 N.W. 475 (1941), and *Hamilton v. Liverpool &c. Ins. Co.*, 136 U.S. 242, 10 S. Ct. 945, 34 L. Ed. 419 (1890), which conclude that clauses binding the parties to a nonjudicial resolution of disputes concerning only the amount of loss do not oust the courts of jurisdiction. The extent of a party's obligation of payment or right of recovery is no less a function of the insurance contract than is the existence of the obligation or right. Accordingly, both aspects of the contract are subject to judicial resolution, and any predispute effort to bind the parties to forgo resort to the courts on either issue ousts the courts of their legitimate jurisdiction.

Nor is there any merit to Amco's implied suggestion that the approval of its policy language by the Department of Insurance is evidence that the public policy of this state is as Amco contends. Although the Department of Insurance does important work, it is not the guardian of the judicial rights the citizens of this sovereign state enjoy.

Amco's final suggestion, that the recent enactment of the Uniform Arbitration Act, Neb. Rev. Stat. §§ 25-2601 et seq. (Cum. Supp. 1988), evidences a public policy in support of the position Amco advances, is also devoid of substance. While that act purports to authorize executory agreements to arbitrate

certain disputes, it specifically exempts from its contemplation insurance contracts such as is involved in this case. § 25-2602. Whatever may be the import of that legislation, it is not before us, and, thus, nothing more need, should, or will be said about it.

Accordingly, we adhere to the doctrine enunciated by Commissioner Pound and adopted by this court in *Schrandt v. Young*, 62 Neb. 254, 266-67, 86 N.W. 1085, 1090 (1901), a replevin action:

> Whatever distinction may be made elsewhere between arbitration generally and arbitration as to damages only, it is well settled in this state that a provision in a contract requiring arbitration, whether of all disputes arising under the contract, or only of the amount of loss or damage sustained by the parties thereto, will not be enforced, and that refusal to arbitrate is not available to the parties in an action growing out of the contract.

For a prior proclamation of the principle in a case involving a contract of insurance, see *Union Ins. Co. v. Barwick*, 36 Neb. 223, 54 N.W. 519 (1893).

Summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Landon v. Pettijohn, ante* p. 837, 438 N.W.2d 757 (1989); *Five Points Bank v. White, ante* p. 568, 437 N.W.2d 460 (1989). This is obviously not such a case. Since the Rawlingses' refusal to submit to appraisal does not entitle Amco to judgment as a matter of law, genuine issues of material fact related to the amount of their insured loss exist.

The judgment of the district court is therefore reversed and the matter remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

WHITE, J., not participating.