(924 P.2d 1284)

No. 74,666

TOMMIE L. FRIDAY, *Appellant,* v. TRINITY UNIVERSAL OF KANSAS, *Appellee.*

Opinion filed October 18, 1996.

*Jack Shelton,* of Wichita, for appellant.

*F. C. McMaster,* of McMaster & McMaster, of Wichita, for appellee.

Before MARQUARDT, P.J., RULON, J., and PHILIP C. VIEUX, District Judge, assigned.

MARQUARDT, J.: Tommie L. Friday appeals from the order dismissing her lawsuit for failure to follow the appraisal clause in her homeowner's insurance policy.

Friday's house was insured by Trinity Universal of Kansas (Trinity). On October 28, 1994, Friday's house caught on fire and sustained extensive damage. Friday and Trinity could not agree on the amount of loss. Trinity made an offer to Friday and stated that if Trinity and Friday could not agree on the amount of the loss, Trinity intended to invoke the appraisal provision of the insurance policy. Friday rejected the offer and informed Trinity that she had filed a lawsuit in district court. Friday also told Trinity that the

appraisal provision was "merely an arbitration agreement by another name," which violated K.S.A. 5-401 and was not enforceable.

Friday's petition requested a judgment against Trinity for damages totalling $46,805.39. Trinity filed a motion to dismiss, stating that Friday had not complied with the provisions of the insurance policy in that she had refused to participate under the mandatory appraisal provision. The district court dismissed Friday's petition, finding that the appraisal clause was not an arbitration agreement. The district court also found that even if "the 'appraisal clause' could be construed as an arbitration agreement, . . . the Federal Arbitration Act would probably preempt the Kansas Arbitration Act."

## APPRAISAL CLAUSE

There is no Kansas case interpreting the appraisal clause in a homeowner's insurance policy.

Regardless of the construction given a written contract by a district court, an appellate court may construe a written contract and determine its legal effect. *Federal Land Bank of Wichita v. Krug,* 253 Kan 307, 311-12, 856 P.2d 111 (1993).

The appraisal clause of the insurance policy was set out in the district court's order of dismissal as follows:

"**Appraisal**. If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within twenty (20) days after receiving a written request from the other. The two appraisers will choose an umpire; the appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of the loss."

Another part of the insurance policy was also set out by the district court as follows: "**Suit Against Us**. No action can be brought unless the policy provisions have been complied with."

An appraisal is defined as a "valuation or an estimation of value of property by disinterested persons of suitable qualifications. The process of ascertaining a value of an asset or liability." Black's Law Dictionary 100 (6th ed. 1990). An appraisal clause is defined as a

"clause in [an] insurance policy providing that the insurer has the right to demand an appraisal of the loss or damage." Black's Law Dictionary 100 (6th ed. 1990).

In Seide, A Dictionary of Arbitration and Its Terms, p. 21 (1970), appraisal has been defined as follows:

"A valuation of property by one or more especially qualified and impartial persons.

"The appraiser makes his valuation according to his own skill, knowledge, and experience. Some courts have declared that an appraisal is not in itself an arbitration proceeding, since no controversy exists. Unless such a specific provision is made in the agreement, an appraisal provision is not regarded as an intention to take evidence, or to hear arguments in the presence of the parties. An appraisal in California is considered to be similar to an arbitration award. In New York State, CPLR § 7601 provides that a party may move to compel an appraisal, and that it shall be subject to the provisions of the law governing arbitration."

Black's Law Dictionary 105 (6th ed. 1990) defines an arbitration clause as "a clause inserted in a contract providing for compulsory arbitration in case of dispute as to rights or liabilities under such contract. . . . The purpose of such clause is to avoid having to litigate disputes that might arise."

"It is characteristic of arbitration that it is intended by the parties to be an absolute and final determination of the matter in controversy." Kellor, Arbitration in Action, p. 7 (1941).

Two Kansas cases involving fire insurance policies, *McKenzie v. Fidelity-Phenix Fire Ins. Co.*, 133 Kan. 721, 3 P.2d 477 (1931), and *Syndicate Co. v. Insurance Co.*, 85 Kan. 367, 116 Pac. 620 (1911), use the words "appraisal" and "arbitration" interchangeably; however, the question of whether the appraisal process is synonymous with binding arbitration was not an issue in either case.

*Guild v. Railroad Co.*, 57 Kan. 70, 45 Pac. 82 (1896), is the only Kansas case to consider the difference between appraisal and arbitration. *Guild* did not involve a fire insurance policy but rather valuation of land pursuant to a negotiated contract between a seller and a purchaser, who had contracted to have appraisers determine the value of land to be sold.

The facts in *Guild* are clearly distinguishable from the instant case. In *Guild*, the parties negotiated the contract to sell and buy

real property. In the instant case, the insurance policy was provided by Trinity and the terms were not negotiated. *Guild* was decided 100 years ago, almost 80 years before the first version of K.S.A. 5-401 was enacted.

In some jurisdictions the procedure which disposes of the entire controversy is called arbitration, and the procedure which is limited to determining the value of property or the amount of a loss is called appraisal. 44 Am. Jur. 2d, Insurance §§ 1680-81, pp. 669-70; 14 Couch on Insurance 2d §§ 50:5-50:6 (1982). It is impossible to apply the distinction to the instant case because the amount of the loss is the only issue between Trinity and Friday. Once the amount of the loss is determined, it will dispose of the entire case.

Cases from other jurisdictions support the claim that the appraisal clause is an arbitration clause. *U.S. Fire Ins. Co. v. Franko*, 443 So. 2d 170, 171 (Fla. Dist. App. 1983), involves an insurance contract requiring appraisal before the insured can file suit. The *Franko* court calls the appraisal clause an arbitration agreement. In *Beard v. Mount Carroll Mut. Fire Ins. Co.*, 203 Ill. App. 3d 724, Syl. ¶ 2, 561 N.E.2d 116 (1990), the court held that the appraisal provision in an insurance contract was "analogous" to an arbitration clause and, therefore, it was enforceable as an arbitration clause. Appraisal does not follow the same procedure as an arbitration, but it has been recognized as serving the same purpose as an arbitration in that it provides for settling future disputes without a judicial proceeding. 203 Ill. App. 3d at 727-28.

An appraisal clause in an insurance policy that requires the parties to submit the determination of the amount of the loss to appraisers is an arbitration clause.

We hold that the district court erred in finding that the appraisal clause in Trinity's policy is not an arbitration clause.

## THE APPRAISAL CLAUSE IN
## CONJUNCTION WITH K.S.A. 5-401

Friday contends that an appraisal clause requiring that a disagreement on the amount of the loss be submitted to appraisers as a precondition to filing a legal action violates the Kansas Uniform Arbitration Act (KUAA), K.S.A. 5-401 *et seq.* Friday argues that

the appraisal clause in the insurance contract is unenforceable. K.S.A. 5-401(c)(1) provides that a written agreement requiring submission of an existing controversy to arbitration shall not apply to insurance contracts.

Here, the district court found that even if the appraisal clause is found to be an arbitration clause, the part of the KUAA relied upon by Friday was preempted by the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 *et seq.* (1994). Friday responds that the exception to federal preemption provided in the McCarran-Ferguson Act, 15 U.S.C. §§ 1011-1015 (1994), is applicable and, therefore, the KUAA is not preempted.

In *Baxter v. John Weitzel, Inc.*, 19 Kan. App. 2d 467, 871 P.2d 855, *rev. denied* 255 Kan. 1000 (1994), an employee argued that the arbitration clause of an employment contract could not be enforced because it violated K.S.A. 5-401(c)(2). The *Baxter* court ruled that K.S.A. 5-401(c)(2) exempted employment contracts from the KUAA and the arbitration clause could be revoked by either party. The employee was not required to submit to arbitration and was allowed to proceed with litigation. 19 Kan. App. 2d at 475.

The question of K.S.A. 5-401(c)(1) and preemption of arbitration clauses in insurance contracts was discussed in *Mutual Reinsurance Bureau v. Great Plains Mut.*, 969 F.2d 931 (10th Cir. 1992), *cert. denied* 506 U.S. 1001 (1992). In this case, an insurance company claimed that an arbitration agreement was unenforceable under K.S.A. 5-401 and the McCarran-Ferguson Act. The Tenth Circuit agreed and stated that the McCarran-Ferguson Act provides that no act of Congress shall invalidate, impair, or supersede any state law enacted for the purpose of regulating the business of insurance. The court further found that K.S.A. 5-401 was enacted for the purpose of regulating the business of insurance. 969 F.2d at 932. Because the FAA would conflict with the Kansas statute excluding insurance contracts from valid arbitration agreements, the court held that the McCarran-Ferguson Act precluded application of the FAA to a Kansas insurance contract. 969 F.2d at 933-34.

The McCarran-Ferguson Act prevents the FAA from preempting K.S.A. 5-401(c)(1). K.S.A. 5-401(c)(1) controls and invalidates the appraisal clause in an insurance contract.

We hold that the appraisal clause in Trinity's insurance policy is an arbitration clause and, therefore, it is not enforceable. The district court's order of dismissal is reversed, and Friday is permitted to pursue her litigation on the issue of the amount of her loss.

Reversed.