No. 74,666

TOMMIE L. FRIDAY, *Appellant*, v. TRINITY UNIVERSAL OF KANSAS, *Appellee.*

(939 P.2d 869)

Opinion filed May 30, 1997.

*Jack Shelton*, of Wichita, argued the cause and was on the briefs for appellant.

*F. C. McMaster*, of McMaster & McMaster, of Wichita, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: Plaintiff Tommie L. Friday (Friday), the insured, appealed an order dismissing her lawsuit against Trinity Universal of Kansas (Trinity) for breach of a fire insurance policy as premature for failure to comply with an amount of loss appraisal provision in the policy. In *Friday v. Trinity Universal of Kansas*, 22 Kan. App. 2d 935, 924 P.2d 1284 (1996), the Court of Appeals reversed, determining that the appraisal provision was an arbitration clause which was unenforceable under K.S.A. 5-401(c)(1). This court granted Trinity's petition for review.

Friday's house was insured by Trinity. On October 28, 1994, the house was damaged by a fire. Friday and Trinity did not agree on the amount of loss caused by the fire. Trinity made an offer of payment to Friday and stated that if the company and Friday could not agree on the amount of the loss, Trinity intended to invoke the

appraisal provision of the insurance policy. Friday rejected the offer and informed Trinity that she was filing a lawsuit in district court. Friday contended that the appraisal provision was merely an arbitration agreement by another name, it violated K.S.A. 5-401, and it was not enforceable.

Friday filed a petition seeking to recover $46,805.39 as the benefits due under the insurance policy. Trinity filed a motion to dismiss the suit as being premature because the insurance policy stated that no action could be brought unless the policy provisions had been complied with, and Friday had refused to comply with the mandatory appraisal provision of the contract. A hearing was held on this motion, and the parties submitted briefs. The trial court dismissed the lawsuit, finding that the appraisal clause was not an arbitration agreement. The ruling also stated that even if it were construed as an arbitration agreement, the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (FAA), would probably preempt the Kansas Arbitration Act.

The appraisal provision in the policy provided:

"**Appraisal**. If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within twenty (20) days after receiving a written request from the other. The two appraisers will choose an umpire . . . . the appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of the loss."

Another part of the policy states: "**Suits Against Us**. No action can be brought unless the policy provisions have been complied with."

The Court of Appeals reversed the trial court, determining that the appraisal provision in the Trinity policy was an arbitration clause which was unenforceable under K.S.A. 5-401(c)(1). The Court of Appeals also determined that the McCarran-Ferguson Act, 15 U.S.C. §§ 1011-1015 (1994), prevents the FAA from preempting K.S.A. 5-401(c)(1). 22 Kan. App. 2d at 940.

## I. APPRAISAL PROVISION

The Court of Appeals' opinion correctly states the standard of review: "Regardless of the construction given a written contract by

a district court, an appellate court may construe a written contract and determine its legal effect." 22 Kan. App. 2d at 936 (citing *Federal Land Bank of Wichita v. Krug*, 253 Kan. 307, 311-12, 856 P.2d 111 [1993]).

Because Judge Bell considered factual information beyond what was contained in Friday's petition, Trinity's motion to dismiss should be treated as a summary judgment motion and disposed of as provided in K.S.A. 60-256(c). See K.S.A. 60-212(b).

"The burden on the party seeking summary judgment is a strict one. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal we apply the same rule, and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. [Citations omitted.]" *Mitzner v. State Dept. of SRS*, 257 Kan. 258, 260-61, 891 P.2d 435 (1995).

A majority of this court is of the opinion that the determining factor in this case is the legislature's intent in adopting K.S.A. 5-401(c)(1). K.S.A. 5-401(b) provides that a written contract may provide for arbitration of future controversies between the parties and that such a provision is "valid, enforceable, and irrevocable, except upon such grounds as exist at law or in equity for the revocation of any contract." The provision in question, 5-401(c)(1), states: "The provisions of subsection (b) shall not apply to: (1) Contracts of insurance." The determinative question is whether the legislature intended to include appraisals as a form of arbitration when it precluded arbitration clauses in insurance contracts or whether it intended for appraisals to be of a separate nature than arbitration and allowable in insurance contracts.

We do not deem it necessary to set forth the Court of Appeals' reasoning. We agree with the Court of Appeals' conclusion, and to its reasoning we add the following:

We do not place much reliance on *McKenzie v. Fidelity-Phenix Fire Ins. Co.*, 133 Kan. 721, 3 P.2d 477 (1931), and *Syndicate Co. v. Insurance Co.*, 85 Kan. 367, 116 Pac. 620 (1911). Both cases are readily distinguishable, and both cases preceded the adoption of K.S.A. 5-401.

An insurer and insured can agree to arbitrate a controversy at the present time. That is not the issue in this case. The issue is what the legislature intended when it prohibited a contract of insurance from providing for mandatory arbitration of future controversies. We do not see a meaningful distinction between appraisal and arbitration.

Arbitration can be for all or any part of a controversy. The parties can limit the issues to be arbitrated and can, for example, limit arbitration to the value of a loss. Actually, arbitration is a more adversarial proceeding than a normal appraisal. However, the end result is the same. A controversy is settled.

Here, the legislature was faced with unilateral contracts providing for a mandatory method of setting the loss, thereby denying the insured redress in the courts. The legislature is presumed to know the law, and it would have been aware that an entire controversy or only one part of a controversy may be arbitrated. We see no indication that the legislature understood there to be some distinction between arbitration and appraisal, terms that appellate courts frequently use interchangeably. The following cases support the Court of Appeals' conclusion that appraisal is a form of arbitration:

In 1989, the Florida Court of Appeals considered a nearly identical insurance clause. If the clause was an arbitration clause, the court planned to compel arbitration, and if the clause was an appraisal clause, the court planned not to compel arbitration. Three other Florida Court of Appeals cases were cited, all holding that the appraisal provision in the policy was in fact an agreement to submit the amount of the loss to arbitration. *Intracoastal Ventures v. Safeco Ins. Co.*, 540 So. 2d 162 (Fla. Dist. App. 1989).

The Illinois Court of Appeals considered the same clause to determine if the insurer could compel arbitration under the appraisal provision when the property sought to be appraised was totally

destroyed in a fire and no longer available to appraise. The court cited several prior Illinois appellate court decisions, holding that an "appraisal clause" is similar to an "arbitration clause" and recognizing an appraisal proceeding as a form of arbitration. The court then held that the clause covered "all loss" (as does the policy before us), and granted the insurer's motion to "compel arbitration." *Beard v. Mount Carroll Mut. Fire Ins.*, 203 Ill. App. 3d 724, 727-30, 561 N.E.2d 116 (1990).

In *Rawlings v. Amco Ins. Co.*, 231 Neb. 874, 438 N.W.2d 769 (1989), the homeowner insureds filed suit against the insurer for tornado damage to their residence under their homeowners' policy. The district court sustained summary judgment for the insurer and dismissed the petition, based on the insureds' refusal to submit to an appraisal as set forth in the appraisal clause in the policy. The Supreme Court of Nebraska reversed and remanded, finding that the appraisal provision was an unenforceable arbitration clause. The insurer offered *School Dist. No. 1 v. Globe & Republic Ins. Co.*, 146 Mont. 208, 404 P.2d 889 (1965), as support for its position, but the court did not find it persuasive. Nebraska continues to adhere to the common-law doctrine that "arbitration agreements entered into before a dispute arises which purport to deny the parties the right to resort to the courts nonetheless oust the courts of their jurisdiction and are thus against public policy and therefore void and unenforceable. The doctrine applies to contracts of insurance." *Rawlings*, 231 Neb. at 875.

Based on this authority, we hold the Kansas Legislature intended the prohibition in K.S.A. 5-401(c)(1) to apply to all insurance contracts that require any form of arbitration. We also hold that the appraisal provision before us is a form of an arbitration clause and is therefore prohibited in the insurance contract by K.S.A. 5-401(c)(1).

## II. FEDERAL ARBITRATION ACT

The remaining issue is whether K.S.A. 5-401(c)(1), which bars enforcement of arbitration clauses in insurance contracts, is preempted by the FAA.

The trial court, relying on *Skewes v. Shearson Lehman Bros.*, 250 Kan. 574, 829 P.2d 874 (1992), held that even if the appraisal provision were an arbitration clause, the FAA would preempt K.S.A. 5-401(c)(1), so that the provision would nonetheless be enforceable. *Skewes* involved a stockbroker's claim of retaliatory discharge against his employer and considered whether the FAA preempted the K.S.A. 5-401 prohibition of arbitration of tort claims. This court held that the FAA preempted K.S.A. 5-401. However, that case is not helpful because it did not involve an arbitration provision in an insurance contract. The McCarran-Ferguson Act controls this issue. The McCarran-Ferguson Act provides in part: "No act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance." 15 U.S.C. § 1012(b) (1994).

The issue of whether the FAA preempts K.S.A. 5-401(c)(1) was addressed in *Mutual Reinsurance Bureau v. Great Plains Mut.*, 969 F.2d 931 (10th Cir.), *cert. denied* 506 U.S. 1001 (1992). That case involved a dispute between a reinsurer and a property casualty insurer that was submitted to arbitration pursuant to an arbitration clause in the reinsurance agreement. The reinsurer sought to confirm the arbitration award against the property casualty insurer, as provided in the FAA. The federal district court in Kansas confirmed the award, but the Tenth Circuit reversed and remanded, holding that because K.S.A. 5-401 regulated the business of insurance, the McCarran-Ferguson Act precluded application of the FAA and the arbitration clause was unenforceable because of K.S.A. 5-401(c)(1).

K.S.A. 5-401 was amended in 1995 to provide that reinsurance contracts are not to be considered contracts of insurance within 5-401(c)(1), thus legislatively overruling *Mutual Reinsurance Bureau*. See K.S.A. 1996 Supp. 5-401. However, because the Trinity policy is not a reinsurance contract, the *Mutual Reinsurance Bureau* statutory interpretations apply to this case. Thus, the trial court erred in holding the FAA preempts K.S.A. 5-401(c)(1).

The judgment of the Court of Appeals is affirmed, and the judgment of the trial court is reversed.

SIX J., concurring in part and dissenting in part: I dissent from the majority's view that appraisal is merely a form of arbitration and that K.S.A. 5-401(c)(1) precludes appraisal provisions in insurance contracts.

The question of Trinity's liability under the policy is not at issue. The dispute centers on an appraisal of the property after the fire to determine the amount of the loss. The Trinity policy references an appraisement, not an arbitration. The method for determining the amount of the loss should not be judged by the strict rules applicable to a K.S.A. 5-401 arbitration and award.

"[T]he view prevailing in nearly all jurisdictions is that a stipulation not ousting the jurisdiction of the courts, but leaving the general question of liability for a loss to be judicially determined, and simply providing a reasonable method of estimating and ascertaining the amount of the loss, is valid." 44 Am. Jur. 2d, Insurance § 1681, p. 671.

Several prominent text writers have drawn the distinction between appraisal and arbitration in the context of insurance contracts. See 14 Couch on Insurance 2d §§ 50:5, 50:6 (1982); 2 Windt, Insurance Claims & Disputes §§ 9.30, 9.33 (3d ed. 1995); and Keeton & Widiss, Insurance Law § 9.6 (1988).

This court long ago recognized the distinction between "appraisers of value or persons selected to make a measurement or computation under such a contract, and arbitrators properly so called" in *Guild v. Railroad Co.*, 57 Kan. 70, 79, 45 Pac. 82 (1896):

"Conditions are frequently attached to policies of insurance providing that, in case differences arise between the parties touching a loss, the matter shall be submitted to arbitrators. Where these provisions are in such form that they require the submission of every controversy that may arise under the policy to arbitrators, and thus in terms oust the courts of all jurisdiction in the matter, they are held invalid; but where they merely provide for the submission to arbitrators of the question as to the amount of loss sustained, so that the arbitrators have nothing to do but make an appraisement of the property destroyed, if definite and reasonable in their provisions, they are generally sustained, and held to be, when so expressly stated in the policy, conditions precedent to a recovery."

Although, as the Court of Appeals noted, *Guild* is factually distinguishable in that it concerned the enforceability of an appraisal provision in a real estate contract, the analysis in *Guild* applies as

well to an appraisal provision in a fire insurance policy. The court in *Guild* reached for the law of insurance contracts to resolve a real estate contract dispute. Here, no reach is required. We have an insurance contract before us. *Guild* made the distinction between arbitration and an appraisal provision while discussing appraisal provisions in insurance contracts and noting authorities holding that such provisions were enforceable as conditions precedent to recovery. *Guild* recognized the then-existing common-law rule that either party may revoke an arbitration agreement any time before the making of an award. 57 Kan. at 79-80. We referenced *Guild* in *City of Lenexa v. C. L. Fairley Constr. Co.*, 245 Kan. 316, 321, 777 P.2d 851 (1989).

Even before the 1973 enactment of the Uniform Arbitration Act (the Act), K.S.A. 5-401 *et seq.*, arbitration agreements in insurance contracts were considered unenforceable. See *Clayton v. Alliance Mutual Casualty Co.*, 213 Kan. 84, 85, 515 P.2d 1115 (1973) (In a pre-Act automobile insurance policy, uninsured motorist coverage in question was an agreement to arbitrate a future dispute and was therefore invalid.). The K.S.A. 5-401(c)(1) exemption of insurance contracts from the Act codified existing common law. The Court of Appeals' attempt (with which the majority agrees) to distinguish *Guild* based on K.S.A. 5-401 *et seq.* is questionable. The Act had no effect on prior law as to the enforceability of arbitration agreements in insurance contracts.

The majority cites three cases from other jurisdictions as support for its position: *Intracoastal Ventures v. Safeco Ins. Co.*, 540 So. 2d 162, 163-64 (Fla. Dist. App. 1989) (applying the rule stated in *U.S. Fire Ins. Co. v. Franko*, 443 So. 2d 170 [Fla. Dist. App. 1983], that an appraisal clause in an insurance policy was enforceable as an arbitration agreement); *Beard v. Mount Carroll Mut. Fire Ins. Co.*, 203 Ill. App. 3d 724, 561 N.E.2d 116 (1990); and *Rawlings v. Amco Ins. Co.*, 231 Neb. 874, 438 N.W.2d 769 (1989).

Under Florida and Illinois law, arbitration agreements are favored and are not prohibited in insurance contracts. *Franko*, 443 So. 2d at 172; *Beard*, 203 Ill. App. 3d at 729. There was no reason for the courts in Florida and Illinois to distinguish between an

arbitration agreement and an appraisal provision in the context of determining whether an appraisal provision was enforceable.

Although *Rawlings* is consistent with the majority's analysis, cases from other jurisdictions have adopted a contrary view; see, e.g., *Jefferson Ins. Co. v. Superior Court*, 3 Cal. 3d 398, 403, 90 Cal. Rptr. 608, 475 P.2d 880 (1970) ("Although arbitrators are frequently, by the terms of the agreement providing for arbitration, . . . given broad powers . . . , appraisers generally have more limited powers."); *Atlas Constr. Co. v. Ind. Ins. Co.*, 160 Ind. App. 33, 37, 309 N.E.2d 810 (1974) (In determining whether statutes applicable to arbitrations would apply to an appraisal, the court drew a distinction between an appraisal [involving only amount of loss] and arbitration clause [in which other issues are determined] and held that the appraisal clause in a fire insurance policy was enforceable and binding on the insured.).

*Atlas Constr.*, 160 Ind. App. at 37, emphasized the distinction between appraisal and arbitration, quoting *Hartford Fire Insurance Co. v. Jones*, 235 Miss. 37, 41-42, 108 So. 2d 571 (1959):

" 'Appraisement, in particular, is perhaps most often confused with arbitration. While some of the rules of law that apply to arbitration apply in the same manner to appraisement. and the terms have at times been used interchangeably, there is a plain distinction between them. In the proper sense of the term, arbitration presupposes the existence of a dispute or controversy to be tried and determined in a quasi judicial manner, whereas appraisement is an agreed method of ascertaining value or amount of damage, stipulated in advance, generally as a mere auxiliary or incident feature of a contract, with the object of preventing future disputes, rather than of settling present ones. Liability is not fixed by means of an appraisal; there is only a finding of value, price, or amount of loss or damage. The investigation of arbitrators is in the nature of a judicial inquiry and involves, ordinarily, a hearing and all that is thereby implied. Appraisers, on the other hand, where it is not otherwise provided by the agreement, are generally expected to act upon their own knowledge and investigation, without notice of hearings, are not required to hear evidence or to receive the statements of the parties, and are allowed a wide discretion as to the mode of procedure and sources of information.' "

*Guild* resolved the issue in this jurisdiction.

I agree with the majority's determination that the Federal Arbitration Act does not preempt K.S.A. 5-401(c)(1).

McFARLAND, C.J., joins in the foregoing concurring and dissenting opinion.